[Cite as *State v. Bagwell*, 2011-Ohio-5841.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
## No. 96419

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CHARLES J. BAGWELL

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-543966

**BEFORE:** Boyle, J., Kilbane, A.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** November 10, 2011

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
BY:   Nathaniel McDonald
Assistant Public Defender
310 Lakeside Avenue
Suite 400
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   James Hofelich
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


MARY J. BOYLE, J.:

**{¶ 1}** Defendant-appellant, Charles Bagwell, appeals his domestic violence conviction.   He raises five assignments of error for our review:

**{¶ 2}** "[1.] Mr. Bagwell's conviction is not supported by legally sufficient evidence as required by state and federal due process.

{¶ 3} "[2.] Mr. Bagwell's conviction is against the manifest weight of the evidence.

{¶ 4} "[3.] Counsel's failure to object to prejudicial speculation by lay witnesses violated Mr. Bagwell's Sixth Amendment right to effective assistance of counsel.

{¶ 5} "[4.] The trial court violated Mr. Bagwell's constitutional right to a fair trial and to remain silent under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution when it instructed the jury regarding 'flight' over defense counsel's objection.

{¶ 6} "[5.] Counsel's failure to request waiver or object to court costs for an indigent defendant violated Mr. Bagwell's Sixth Amendment right to effective assistance of counsel."

{¶ 7} Finding no merit to the appeal, we affirm.

<u>Procedural History and Factual Background</u>

{¶ 8} In May 2010, Bagwell was indicted on one count of domestic violence with a furthermore clause that he had two prior domestic violence convictions and one prior menacing by stalking conviction.

{¶ 9} Rachelle Hale testified that in June 2010, Bagwell, who was her live-in boyfriend at the time, kicked her in her buttocks and left a bruise. They had been fighting in their bedroom in front of Hale's six-year-old daughter, Hanna. According to Hale, she was trying to leave the bedroom because she did not want to argue when

Bagwell "came charging" at her. Hale said she "dropped to the floor," and that is when Bagwell kicked her.

{¶ 10} The next morning, Hale testified that she went to her neighbor's house, Priscilla Ziats, with her mother and her children. Hale told Ziats what had happened the previous night. Ziats told Hale and her children that if Bagwell did anything else to them or to Hale they could come to her house and knock on her window and she would call the police. That evening, Hale said that she and Bagwell continued to fight into the night. Around 6:00 a.m. the next morning, Hanna ran between Bagwell's legs to go to Ziats's house to ask her to call 911. When she did, Hale said that Bagwell "ran" because he had a warrant out for his arrest. When the police came, they could not find Bagwell. But they took a photo, which was admitted into evidence, of Hale's bruise on her buttocks. Hanna and Ziats testified and corroborated Hale's version of events.

{¶ 11} Hale further testified that about a week after the incident, Bagwell came home and they got back together. They lived together until November 2010. In November, Hale called Crime Stoppers and reported Bagwell's location, and he was arrested for the June 2010 incident.

{¶ 12} The jury found Bagwell guilty of domestic violence with the furthermore clause concerning his prior convictions. The trial court sentenced Bagwell to one year in prison, ordered that he have no contact with the victim, and advised him that he would be subject to three years of discretionary postrelease control upon his release from prison.

It is from this judgment that Bagwell appeals. We will address Bagwell's assignments of error out of order for ease of discussion.

Ineffective Assistance of Counsel

{¶ 13} In his third assignments of error, Bagwell argues that his counsel was ineffective and thus, his constitutional rights were violated.

{¶ 14} In *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, the United States Supreme Court set forth the two-pronged test for ineffective assistance of counsel. It requires that the defendant show (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. The first prong "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. The second prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." Id.

{¶ 15} Bagwell argues that his trial counsel was ineffective for failing to object on two occasions: (1) when Hale testified that Bagwell ran when the police were called because he had a warrant out for his arrest; and (2) when Ziats testified that after she called the police, Bagwell knocked on her door because "they must have said something to him about the police coming, [and] he kind of wanted a place to hide."

{¶ 16} Bagwell claims that on these two occasions, Hale's and Ziats's testimony was "prejudicial speculation" because Hale and Ziats did not have "personal knowledge regarding why Mr. Bagwell left his house."

{¶ 17} "Judicial scrutiny of counsel's performance must be highly deferential" as "the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689. The "failure to make objections does not constitute ineffective assistance of counsel per se, as that failure may be justified as a tactical decision." *State v. Gumm*, 73 Ohio St.3d 413, 428, 1995-Ohio-24, 653 N.E.2d 253. Since a properly licensed attorney in Ohio is presumed competent, the burden of proving ineffectiveness is on the defendant. *State v. Smith* (1981), 3 Ohio App.3d 115, 444 N.E.2d 85; *Vaughn v. Maxwell* (1965), 2 Ohio St.2d 299, 301, 209 N.E.2d 164.

{¶ 18} Here, Bagwell does not meet his burden of establishing that his counsel's failure to object was ineffective. As for Hale, the prosecutor asked her to explain why Bagwell ran "if she knew." Thus, her testimony was based on personal knowledge. And while Ziats's testimony appears to be speculation, Bagwell's counsel may have had a very good reason for not objecting, and possibly giving the prosecutor an opportunity to delve into the issue further. Thus, Bagwell's third assignment of error is overruled.

<u>Flight Instruction</u>

{¶ 19} In his fourth assignment of error, Bagwell maintains that the trial court erred when it charged the jury with a flight instruction over his objection, claiming it was not supported by the evidence. We agree, but find it was harmless error.

{¶ 20} As an initial matter, we review a trial court's issuance of a jury instruction for an abuse of discretion. *State v. Williams*, 8th Dist. No. 90845, 2009-Ohio-2026. Further, jury instructions are reviewed in their entirety to determine if they contain prejudicial error. *State v. Fields* (1984), 13 Ohio App.3d 433, 436, 469 N.E.2d 939.

{¶ 21} "Flight from justice 'means some escape or affirmative attempt to avoid apprehension.' It is well established that evidence of flight is admissible as tending to show consciousness of guilt. Thus, a trial court does not abuse its discretion by issuing an instruction on flight if sufficient evidence exists in the record to support the charge." (Internal citations omitted.) *State v. Benjamin*, 8th Dist. No. 80654, 2003-Ohio-281, ¶31.

{¶ 22} Here, Hale testified that Bagwell fled the scene because he had an outstanding warrant for his arrest. He did not flee because of his consciousness of guilt for domestic violence against Hale. Nor did Ziats's testimony support a flight instruction because she did not know why Bagwell fled; she merely stated she "guessed" why he did. Mere speculation as to why Bagwell fled the scene was not sufficient testimony to support a flight instruction.

{¶ 23} Regardless, we conclude that the trial court's error was harmless. Even if the trial court had not instructed the jury on flight, we find that it would not have changed the outcome of the trial.

{¶ 24} Bagwell's fourth assignment of error is overruled.

### Sufficiency and Manifest Weight

{¶ 25} In his first and second assignments of error, Bagwell argues that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence.

{¶ 26} When an appellate court reviews a record upon a sufficiency challenge, "'the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶77, quoting *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

{¶ 27} In reviewing a claim challenging the manifest weight of the evidence, "[t]he question to be answered is whether there is *substantial* evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the

conviction must be reversed and a new trial ordered." (Internal quotes and citations omitted.) Id. at ¶81.

**{¶ 28}** Bagwell maintains that his domestic violence conviction was not supported by sufficient evidence because the state failed to establish that he was "a person living as a spouse," and therefore, failed to prove Hale was a "family or household member." We disagree.

**{¶ 29}** To prove that Bagwell committed domestic violence against Hale, the state had to prove beyond a reasonable doubt that Bagwell knowingly caused or attempted to cause physical harm to a family or household member. R.C. 2919.25(A). "Family or household member" means a person living as a spouse who resides with the offender. R.C. 2919.25(F)(1)(a). Bagwell claims that the state failed to provide evidence that he lived "in a common law marital relationship" with Hale since she testified that he did not work, and "used her money to support his daily drug habit." Bagwell therefore contends that there was "no testimony indicating shared familial responsibilities."

**{¶ 30}** Bagwell's argument is unfounded. A "person living as a spouse" includes

**{¶ 31}** "a person who is living or has lived with the offender in a common law marital relationship, who otherwise is cohabiting with the offender, *or* who otherwise has cohabited with the offender within five years prior to the date of the alleged commission of the act in question." (Emphasis added.) R.C. 2919.25(F)(2). The state only had to present evidence as to one of the three circumstances. Thus, the state only had to

present evidence that Hale was cohabiting with Bagwell at the time of the abuse, not that Hale and Bagwell were living in a common law marital relationship. The cases Bagwell cites to deal with situations where the offender does not "officially" live with the victim, but the victim is trying to establish "cohabitation," such that it falls within the statute.

{¶ 32} Bagwell further argues that his conviction was against the manifest weight of the evidence because Hale and Hanna were not credible for various reasons. But Bagwell's defense counsel did an excellent job in pointing out to the jury all of the inconsistencies and credibility issues with Hale and Hanna, including the fact that Hale had previously lied to prosecutors after she decided she wanted to "continue her relationship with Mr. Bagwell."

{¶ 33} After reviewing the entire record, weighing the evidence, and considering the credibility of witnesses, we conclude that this is not the "exceptional case in which the evidence weighs heavily against the conviction." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541.

{¶ 34} Bagwell's first and second assignments of error are overruled.

## Court Costs

{¶ 35} In his fifth assignment of error, Bagwell argues that his counsel was ineffective for failing to move for a waiver of court costs. We previously set forth this court's standard of review regarding arguments addressing ineffective assistance of counsel.

**{¶ 36}** The statute under which court costs are imposed is R.C. 2947.23. The Ohio Supreme Court has held that R.C. 2947.23 "does not prohibit a court from assessing costs against an indigent defendant; rather it requires a court to assess costs against all convicted defendants." *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶8. After the *White* decision was issued, the Ohio Supreme Court further stated that:

**{¶ 37}** "Costs must be assessed against all defendants. R.C. 2947.23; *White* at ¶8. However, we also held in *White* that a judge has discretion to waive costs assessed against an indigent defendant. Id. at ¶14. Costs are assessed at sentencing and must be included in the sentencing entry. R.C. 2947.23. Therefore, an indigent defendant must move a trial court to waive payment of costs at the time of sentencing. If the defendant makes such a motion, then the issue is preserved for appeal and will be reviewed under an abuse-of-discretion standard. Otherwise, the issue is waived and costs are res judicata." *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶23.

**{¶ 38}** In November 2010, the trial court appointed counsel because it declared Bagwell indigent. At the sentencing hearing, the trial court notified Bagwell that he would have to pay costs. In the sentencing entry, the trial court stated, "Defendant is indigent, court appoints public defender as appellate counsel. Defendant is to pay costs." From this record, this court can reasonably determine that when the trial court sentenced Bagwell, including ordering him to pay costs, that it took into account his

indigency status. Accordingly, we cannot say that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

**{¶ 39}** Bagwell's fifth assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_

MARY J. BOYLE, JUDGE

MARY EILEEN KILBANE, A.J., and
JAMES J. SWEENEY, J., CONCUR