[Cite as *State v. Terrell*, 2012-Ohio-3361.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 97458

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## HARRY TERRELL

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-521919

**BEFORE:** Boyle, J., Blackmon, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:** July 26, 2011

**ATTORNEY FOR APPELLANT**

Aaron T. Baker
Aaron T. Baker Co., L.P.A.
38109 Euclid Avenue
Willoughby, Ohio   44094


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   Jeffrey S. Schnatter
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, J.:

{¶1} Defendant-appellant, Harry Terrell, was indicted on one count of drug trafficking and one count of possessing criminal tools. The counts also included two forfeiture specifications, namely, for a large sum of money and a vehicle. He pleaded no contest to the indictment. The trial court sentenced him to a total of 12 months in prison and ordered that he forfeit the money and the vehicle.

{¶2} In his sole assignment of error, Terrell argues that the trial court violated Crim.R. 44(A) and (C) when it failed to engage in any meaningful colloquy with him regarding his waiver of counsel. The state concedes this error, asserting

> [t]he record shows that the trial court granted Mr. Terrell's written motion to proceed pro se with no meaningful inquiry into Mr. Terrell's understanding of the rights that he was waiving, and therefore it could not have made a determination as to whether Mr. Terrell was making a knowing, voluntary and intelligent waiver of those rights.

{¶3} In criminal prosecutions, the right to counsel is guaranteed by both the Sixth Amendment to the United States Constitution and the Ohio Constitution, Article I, Section 10. The defendant may dispense with this right, however, and represent himself if he "'knowingly, intelligently, and voluntarily waives his right to counsel.'" *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, ¶ 26, quoting Crim.R. 44.

{¶4} To effect a valid waiver of the right to counsel, it is necessary that the trial court "make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right." *Id*. at paragraph two of the syllabus. Before concluding there has been a waiver, the court must be satisfied that the defendant made an intelligent and voluntary waiver with the knowledge that he will have to represent himself and that there are dangers in self-representation. *State v. Ebersole*, 107 Ohio App.3d 288, 293, 668 N.E.2d 934 (3d Dist.1995).

{¶5} The trial court judge originally assigned to Terrell's case recused herself after Terrell filed an affidavit to disqualify her. A second judge was assigned to the case.

{¶6} At a pretrial hearing, the second judge stated to Terrell, "I haven't reviewed the docket in full. Has any judge determined on the record whether you're capable of representing yourself?" Terrell responded that the first judge had. The judge then proceeded to permit Terrell to proceed pro se with standby counsel. Although the docket indicates that the first judge granted Terrell's motion to proceed pro se, there is nothing in the record to show that the first judge made the proper inquiry to determine whether Terrell was making a knowing, voluntary, and intelligent waiver of his right to counsel.

{¶7} Thus, after reviewing the record, we agree with Terrell and the state that the second judge (who took over Terrell's case when the first judge recused herself) did not

properly conduct a colloquy to determine whether Terrell was making a knowing, voluntary, and intelligent waiver of his right to counsel.

**{¶8}** Accordingly, Terrell's sole assignment of error is sustained.

**{¶9}** Judgment reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE,   JUDGE

PATRICIA ANN BLACKMON, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR