[Cite as *State v. Triplett*, 2012-Ohio-3804.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97522**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## WALTER TRIPLETT

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-554247

**BEFORE:** Rocco, J., Jones, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 23, 2012

-i-

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara
2077 East 4th Street
Second Floor
Cleveland, Ohio 44114

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Gregory Mussman
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

**{¶1}** Defendant-appellant Walter Triplett appeals from his convictions for involuntary manslaughter and felonious assault with notices of prior convictions ("NPCs") and repeat violent offender specifications ("RVOs").

**{¶2}** Triplett presents ten assignments of error. He claims that (1) his right to a speedy trial was violated, (2) and (3) his convictions are not supported by either sufficient evidence or the manifest weight of the evidence, (4) and (8) the trial court provided confusing jury instructions and improperly refused to provide jury instructions on lesser included offenses, (5) the trial court permitted the state to introduce improper evidence, (6) retrial in this case violated his right against successive prosecutions, (7) the trial court did not make the necessary findings before imposing sentence on the RVOs, (9) the trial court improperly permitted the state to remove one of the prospective jurors, and (10) the prosecutor engaged in misconduct during closing argument.

**{¶3}** Upon a review of the record, this court cannot find any reversible error occurred in the trial court. Triplett's convictions and sentences, consequently, are affirmed.

**{¶4}** This is the second time this court has considered an appeal filed by Triplett based upon the underlying incident, which took place in the early morning of April 30, 2009. At that time, Michael Corrado died outside a downtown Cleveland bar called the Barley House after Triplett punched him in the face. Based upon the incident, Triplett was indicted on one count of involuntary manslaughter and one count of felonious assault, both with NPCs and RVOs. The original jury convicted Triplett of felonious assault but

could not arrive at a verdict on the remaining charge, so the trial court declared a mistrial on that count.

{¶5} After the trial court imposed sentence and the state dismissed the involuntary manslaughter charge without prejudice, Triplett appealed from his original conviction.[1] In *State v. Triplett*, 192 Ohio App.3d 600, 2011-Ohio-816, 949 N.E.2d 1058 (8th Dist.) ("*Triplett I*"), finding that the trial court gave improper jury instructions, this court reversed Triplett's original conviction for felonious assault and remanded the case for a new trial.

{¶6} *Triplett I* was issued on February 24, 2011. In July 2011, the supreme court declined to accept any further appeal, so the case returned to the trial court. In August 2011, Triplett's defense counsel notified the trial court that he would not be available for retrial until October 11, 2011.

{¶7} On September 9, 2011, the state issued a new indictment against Triplett; he was again charged with involuntary manslaughter and felonious assault with NPCs and RVOs. The first case was dismissed. Triplett's retrial commenced on October 11, 2011.

---

[1]Pursuant to this court's previous decisions, a question should have arisen concerning whether Triplett's original appeal should have been dismissed for lack of a final appealable order, but the issue was not raised either by the parties or by this court sua sponte. *See, e.g.*, *State v. Cole*, 8th Dist. No. 88722, 2007-Ohio-3076; *compare State v. Manns*, 5th Dist. No. 11-CA-28, 2012-Ohio-234. The matter will be further considered later in this opinion.

**{¶8}** At the conclusion of the proceedings, the jury found Triplett guilty on both counts, and subsequently also found Triplett guilty on the NPCs and RVOs. Triplett ultimately received a twenty-year prison sentence.

**{¶9}** He presents ten assignments of error that will be addressed in logical order and together when appropriate. Triplett's first assignment of error states:

**"I.    Defendant was denied due process of law by lapse of speedy trial time."**

**{¶10}** As he did in his previous appeal, Triplett claims his second trial in this case did not commence within the time limitations set by R.C. 2945.71. He asserts that he "sat in prison" from the date of his "appellate victory" in the first appeal on March 1, 2011 to the time his second trial commenced on October 11, 2011, and that this time counted in addition to the time expended before his first trial commenced.

**{¶11}** Triplett raised a speedy trial issue in his prior appeal, and this court found that his failure to raise the speedy trial issue in the trial court precluded any consideration of it on appeal. *Triplett I*, ¶ 6. Although he presented the issue to the trial court in his retrial, the speedy trial provisions of R.C. 2945.71 do not apply to retrials following an appeal. *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Hull*, 110 Ohio St.3d 183, 2006-Ohio-4252, 852 N.E.2d 706, paragraph one of the syllabus. Because Triplett's retrial commenced on the exact date that his defense counsel became available, his retrial took place within a reasonable time. *Id*., paragraph two of the syllabus.

**{¶12}** Triplett's first assignment of error is overruled.

**{¶13}** Triplett's sixth assignment of error states:

**"VI. Defendant was twice placed in jeopardy by means of successive indictments for involuntary manslaughter."**

{¶14} Triplett argues that the state's reindictment of him on the charge upon which the trial court declared a mistrial, and that the state previously dismissed without prejudice, violated his rights under the Fifth Amendment to the United States Constitution. This court disagrees.

{¶15} The Double Jeopardy Clause bars successive prosecutions for the same offense. *State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, ¶ 16. The clause does not bar retrial of a defendant who on direct appeal successfully overturns his conviction on the basis of trial error. *Id.* Moreover, if a mistrial was properly granted on a charge, jeopardy on that charge does not attach. *State v. Glover*, 35 Ohio St.3d 18, 517 N.E.2d 900 (1988); *State v. Bobby*, 8th Dist. No. 50455, 1986 Ohio App. LEXIS 6699 (May 8, 1986).

{¶16} Identical to this case, the indictment in *Triplett I* carried two counts, viz., involuntary manslaughter and felonious assault.[2] Because the jury could not reach a verdict on Count 1, the charge of involuntary manslaughter, the trial court properly granted a mistrial on that count.

{¶17} The record of *Triplett I* reflects that Triplett wanted to appeal from his conviction on Count 2, the felonious assault charge. In order to expedite Triplett's right

---

[2]This court granted Triplett's motion to supplement the record with the record in *Triplett I*.

to appeal, the state dismissed Count 1 "without prejudice" pending the outcome of Triplett's appeal. *Compare State v. Sims*, 8th Dist. No. 85608, 2005-Ohio-5846, fn. 1 (Rocco, J., dissenting) (the two counts of the indictment were "allied offenses," therefore, the state's dismissal of one count without prejudice allowed the defendant's appeal of her other conviction to proceed).

{¶18} Thus, when this court reversed Triplett's conviction and remanded the case for a new trial, the matter "proceed[ed] from the point at which the error occurred." *State ex rel. Douglas v. Burlew*, 106 Ohio St.3d 180, 2005-Ohio-4382, 833 N.E.2d 293, ¶ 11, quoting *State ex rel. Stevenson v. Murray*, 69 Ohio St.2d 112, 113, 431 N.E.2d 324 (1982). Triplett's overturned conviction was the underlying offense for the involuntary manslaughter charge. This court's decision in *Triplett I*, i.e., that the jury received improper instructions prior to convicting Triplett on the felonious assault count, permitted a new trial on both counts. Under these circumstances, the state's dismissal of the entire prior case and reindictment of Triplett on both counts did not violate the Double Jeopardy Clause. *State v. O'Neill*, 6th Dist. No. WD-10-029, 2011-Ohio-5688; *Bobby*, 8th Dist. No. 50455 (May 8, 1986).

{¶19} Accordingly, Triplett's sixth assignment of error also is overruled.

{¶20} In his ninth assignment of error, Triplett states:

**"IX.   The trial court erred when it overruled defendant's *Batson* challenge."**

{¶21} Triplett argues that the trial court failed to adequately address the issue of whether the state used a peremptory challenge to a juror intentionally in order to exclude members of his race.  This argument is without merit.

{¶22} The state cannot use peremptory challenges to exclude jurors either solely on account of their race or on the assumption that minority jurors as a group are unable to impartially consider the state's case against the defendant.  *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Thus, if the defendant can make a prima facie showing that the prosecutor used his peremptory strikes against potential jurors in a racially discriminatory fashion, the burden shifts to the state to come forward with a neutral explanation for the exclusion. *Id.*, at 96-98.

{¶23} The record reflects that, although the state's first peremptory challenge was not utilized to excuse a juror of Triplett's race, Triplett raised this issue when the state used its second peremptory challenge.  The record further reflects Triplett himself already had used a peremptory challenge to a member of his own race.   Under these circumstances, Triplett failed to make a prima facie showing of discrimination.  *State v. Brown*, 8th Dist. No. 52593, 1988 Ohio App. LEXIS 3020 (July 28, 1988).

{¶24} Moreover, Triplett's defense counsel questioned the prosecutor's action, so the prosecutor explained that the juror seemed to be "opinionated" and thus unable to decide the case in an impartial manner.  The trial court accepted the explanation. A review of the record fails to support a conclusion that the trial court's decision was

"clearly erroneous." *Hernandez v. New York*, 500 U.S. 352, 369, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991).

{¶25} Consequently, Triplett's ninth assignment of error also is overruled.

{¶26} Triplett's third and second assignments of error state:

**"III.   Insufficient evidence supported a conviction for involuntary manslaughter or felonious assault.**

**"II.   The manifest weight of the evidence did not support a conviction for involuntary manslaughter or felonious assault."**

{¶27} In these assignments of error, Triplett challenges the sufficiency and the manifest weight of the evidence adduced to support his convictions.

{¶28} A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial. *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997).   In a review the evidence for sufficiency, courts are to assess whether, after viewing the state's evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime were proven beyond a reasonable doubt.   *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶29} The test for manifest weight requires the appellate court to determine whether the state has met its burden of persuasion.   *Thompkins*, at 390.   When a defendant asserts that his conviction is against the manifest weight of the evidence, an appellate court sits as a "thirteenth juror."   *Id*. at 387.   The court reviews the entire record, weighs the

evidence and all reasonable inferences, and considers the credibility of the witnesses. *Id.*, citing *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983).

{¶30} The appellate court must be mindful, however, that the weight of the evidence and the credibility of witnesses are matters primarily for the trier of fact to assess. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1987), paragraph one of the syllabus. Therefore, a reviewing court will not reverse a verdict when the trier of fact could reasonably conclude from substantial evidence that the prosecution proved the offense beyond a reasonable doubt. *Id.* Moreover, in reviewing a claim that a conviction is against the manifest weight of the evidence, the conviction cannot be reversed unless it is obvious that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Garrow*, 103 Ohio App.3d 368, 659 N.E.2d 814 (4th Dist. 1995).

{¶31} In this case, Triplett argues in his third assignment of error that he acted in defense of his sister and that the state provided no evidence to rebut the claim. This court advises Triplett, however, that a self-defense argument is inappropriate in considering sufficiency of the evidence. A defendant's claim of defense of another does not negate any element of the offenses of involuntary manslaughter or felonious assault, but rather affirmatively seeks to relieve the defendant of culpability. *State v. Dykas*, 185 Ohio App.3d 763, 2010-Ohio-359, 925 N.E.2d 685, ¶ 18 (8th Dist.), citing *Cleveland v. Williams*, 8th Dist. No. 81369, 2003-Ohio-31.

{¶32} In this case, viewing the evidence presented by the state in a light most favorable to the prosecution, the test for sufficiency was met. The testimony established that Triplett and his group had been forced to leave the Barley House because of an altercation with a group of white males. Triplett was "agitated" by the situation. Because the white males followed Triplett's group out into the street a fight commenced. Triplett removed his shirt in preparation to engage in it; his sister inserted herself into it. The victim was standing behind Triplett's sister. To her front, another man made an aggressive move toward her. Although Triplett's sister "ducked," thus remaining unharmed, Triplett ran up to the scene. Triplett immediately punched the victim with such force as to fracture his facial bones and lift him off his feet, causing the victim to fly backward. When the victim fell, the back of his head slammed against the concrete curb. Only after hitting the victim did Triplett turn to strike the man who had "threatened" his sister. Although the second man lost consciousness briefly, he quickly recovered and ran from the scene.

{¶33} From this evidence, a reasonable factfinder could find that Triplett intended to cause serious physical harm to the victim, and that the victim's death proximately resulted from Triplett's act. *State v. Brown*, 9th Dist. No. 17421, 1996 Ohio App. LEXIS 1150 (Mar. 27, 1996). The evidence was thus sufficient to establish the elements of felonious assault and involuntary manslaughter. *Dykas*, ¶ 17.

{¶34} The jury also acted within its prerogative to reject Triplett's claim of "defense of another." The testimony proved Triplett's sister put herself in harm's way but was

never hurt during the melee. Moreover, all of the witnesses, and Triplett himself, conceded that while the victim had not made any threatening gestures toward his sister, Triplett attacked the victim first, and did so with enough force to fracture the victim's facial bones. *Dykas*, at

¶ 20; *State v. Franklin*, 11th Dist. No. 2010-G-2979, 2012-Ohio-1267. Indeed, one of the defense witnesses testified Triplett's punch was the hardest she had ever seen. Only when the victim was fully incapacitated did Triplett turn to strike at the man who had actually caused his sister to duck.

{¶35} Based upon the record, Triplett's third and second assignments of error lack merit. They are consequently overruled.

{¶36} Triplett's fifth assignment of error states:

**"V. The trial court erred by allowing to [sic] the state to repeatedly elicit evidence of defendant's stale convictions."**

{¶37} In this assignment of error, Triplett argues that the trial court abused its discretion when it overruled his objection to the prosecutor's questions of him on cross-examination about to his prior criminal record. Because the prosecutor began with convictions dating from 1998, Triplett asserts the questions and his answers violated Evid.R. 609(B).

{¶38} Evid.R. 609 addresses impeachment of a witness by evidence of conviction of a crime, stating in relevant part:

> (A)(2) * * * [E]vidence that the accused has been convicted of a crime is admissible if the crime was punishable by death or imprisonment in

excess of one year pursuant to the law under which the accused was convicted and if the court determines that the probative value of the evidence outweighs the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.

(B) Evidence of a conviction under this rule is *not* admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement, or the termination of probation, or shock probation * * * unless the court determines, in the interests of justice, that the probative value of the conviction *supported by specific facts and circumstances* substantially outweighs its prejudicial effect. (Emphasis added.)

**{¶39}** Therefore, Evid.R. 609(B) requires a trial court to set forth "specific facts" on the record that reflect the facts and circumstances justifying the admission of the "stale" conviction. *State v. Shepherd*, 8th Dist. No. 81926, 2003-Ohio-3356, ¶ 23, citing *State v. Fluellen*, 88 Ohio App.3d 18, 623 N.E.2d 98 (4th Dist. 1993). Stale convictions, moreover, should be admitted only in rare circumstances. *Id.* Nevertheless, a trial court has discretion to determine whether the evidence should be admitted. *State v. Maddox*, 8th Dist. No. 72765, 1998 Ohio App. LEXIS 2408 (June 4, 1998); *State v. Waldon*, 8th Dist. No. 59596, 1991 Ohio App. LEXIS 5303 (Nov. 7, 1991).

**{¶40}** In this case, the evidence of Triplett's convictions dating from 1998 and 1999 was inadmissible without a determination by the trial court that the probative value of this evidence outweighed its prejudicial effect. Evid.R. 609(B). Because the trial court did not make such specific findings before permitting the state to introduce the evidence, the court clearly erred. *Fluellen*.

**{¶41}** Error in the admission of evidence is harmless, however, if there is no reasonable possibility that exclusion of the evidence would have affected the result of the trial. *State v. Boczar*, 11th Dist. No. 2007-A-0034, 2008-Ohio-834, ¶ 50, citing *State v. Webb*, 70 Ohio St.3d 325, 335, 638 N.E.2d 1023 (1994), for the premise that "nonconstitutional error is harmless if there is substantial other evidence to support the

guilty verdict." In order to determine whether the admission of testimony on the prior convictions is prejudicial, the appellate court must review that evidence in light of the totality of other evidence properly introduced by the prosecution at trial. *Id.* The admission of the testimony regarding past convictions will be deemed harmless error if there is overwhelming evidence of guilt. *Id.*; *see also State v. Walker*, 8th Dist. No. 94875, 2011-Ohio-1556, ¶ 38.

{¶42} A review of the entire record in this case demonstrates the error was harmless. The jury could hardly have considered that Triplett was likely to have committed the offenses in the instant case based upon convictions in 1998 for promoting prostitution and in 1999 for possession of drugs. In addition, as previously stated, there was overwhelming evidence of Triplett's guilt.

{¶43} The prosecutor's aim in bringing up Triplett's past, in context, clearly was in order to impeach Triplett's credibility, as permitted by Evid.R. 609(A); the prosecutor mentioned this during closing argument. Moreover, the trial court twice provided a limiting instruction to the jury about the appropriate use of the evidence. The jury is presumed to follow the court's instructions. *State v. Ahmed*, 103 Ohio St.3d 27, 2004-Ohio-4190, 813 N.E.2d 637, ¶ 93.

{¶44} Based upon the foregoing, this court declines to find reversible error occurred in this matter; consequently, Triplett's fifth assignment of error is overruled.

{¶45} Triplett's tenth assignment of error states:

**"X.   The state committed prosecutorial misconduct by making statements not supported by the law or the facts during closing arguments."**

{¶46} In this assignment of error, Triplett argues that the prosecutor's comments during a portion of his closing argument deprived him of his right to a fair trial.  This court does not agree.

{¶47} The prosecution is normally entitled to a certain degree of latitude in its concluding remarks.  *State v. Woodards*, 6 Ohio St.2d 14, 26, 215 N.E.2d 568  (1966); *State v. Liberatore*, 69 Ohio St.2d 583, 589, 433 N.E.2d 561 (1982).   In analyzing a claim of prosecutorial misconduct, the test is "whether remarks were improper and, if so, whether they prejudicially affected substantial rights of the accused."  *State v. Jones*, 90 Ohio St.3d 403, 420, 739 N.E.2d 300 (2000), citing *State v. Smith*, 14 Ohio St.3d 13, 14, 470 N.E.2d 883 (1984).   Therefore, the focus of the analysis is not on the "culpability of the prosecutor," but, rather, the impropriety of the remarks and, if improper, their effect on the jury.  *Id.*

{¶48} Triplet complains that the prosecutor improperly characterized his "punch" at the victim as "deadly."   However, the prosecutor's remarks clearly were based upon evidence that Triplett's size and weight were significantly greater than the victim's, and that the force of Triplett's blow fractured several bones in the victim's face.   Regardless of the evidence adduced at trial in *Triplett I*, the prosecutor's remarks constituted fair comments on the evidence presented in this case.  *State v. Tufts*, 8th Dist. No. 94276, 2011-Ohio-73, ¶ 23; *State v. Almashni*, 8th Dist. No. 92237, 2010-Ohio-898, ¶ 29-30.

{¶49} Because the prosecutor's comments, therefore, did not rise to the level of misconduct, Triplett's tenth assignment of error also is overruled.

{¶50} Triplett's fourth and eighth assignments of error state:

**"IV.  The trial court denied Appellant due process of law by issuing incomplete and confusing jury instructions.**

**"VIII.  The trial court erred in failing to instruct on lesser included offenses."**

{¶51}  Triplett argues that the trial court's instructions to the jury were flawed in several respects.   Because he did not object to the instructions on some of the grounds that he asserts herein, Triplett claims the trial court committed plain error in instructing the jury.

{¶52} Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.  *State v. Long* 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), at paragraph three of the syllabus.   Appellate review of a trial court's jury instructions is limited to whether the lower court abused its discretion.  *State v. Bagwell*, 8th Dist. No. 96419, 2011-Ohio-5841, ¶ 20.   Furthermore, jury instructions "may not be judged in artificial isolation but must be viewed in the context of the overall charge."  *State v. Price*, 60 Ohio St.2d 136, 398 N.E.2d 772 (1979), paragraph four of the syllabus.   When viewed in context, the jury instructions the trial court provided in this case do not rise to the necessary level to constitute either plain error or an abuse of discretion.

**{¶53}** Triplett first asserts the trial court gave an improper definition of the culpability required to establish his guilt of the offense of felonious assault. "Knowingly" is defined by R.C. 2901.22(B) as follows:

> (B) A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.

**{¶54}** A review of the instructions the trial court provided in this case shows the trial court essentially tracked the statutory language. Consequently, the trial court committed no error, plain or otherwise.

**{¶55}** Triplett next asserts the trial court acted against this court's mandate in providing an instruction on "deadly force." In *Triplett I*, this court stated in pertinent part:

> The record shows that the trial court was concerned that the victim had died and felt that it was incorrect to instruct on nondeadly force. However, a failure to instruct on nondeadly force when the death is the result of one punch places the focus on the death and not the force used (one punch).
> * * *
> * * * The ultimate result of death is not the proper focal point when determining whether to instruct on nondeadly force. [Citations omitted]. When "there is sufficient evidence on the issue of self-defense involving non-deadly force * * * the trial court must instruct the jury on that defense." [Citations omitted.] In this case, the appropriate instruction would be the defense of another using nondeadly force. We do not agree that one punch, even when a death occurs, is comparable to deadly force.
> * * * [D]eadly force [is defined] in R.C. 2901.01(A)(2) as "any force that carries a substantial risk that it will proximately result in the death of any person." [K]nowingly causing serious harm does not *automatically* equate to deadly force.
> * * *
> In conclusion, *the facts of the case should dictate whether the* nondeadly-force *instruction is required*. In this case, Triplett's single punch caused the victim to fall, hit his head, and die. As tragic as this was, even some of the jurors believed that there was no intent to kill; consequently, on remand the trial court should give the instruction on nondeadly force *as well as* the appropriate instructions on defense of another, burden of proof, and duty to retreat. * * * . (Emphasis added.)

{¶56} The foregoing directive from this court permitted the trial court to consider whether the evidence warranted an instruction on deadly force as well as nondeadly force. Based upon the evidence presented from both the prosecution and the defense on retrial, the trial court did not abuse its discretion in determining that, depending on which version of the incident was believed, both instructions were appropriate. *State v. Williford*, 49 Ohio St.3d 247, 251, 551 N.E.2d 1279 (1990).

{¶57} Triplett next asserts that the trial court gave "confusing" instructions on the defense of another. This assertion also is rejected for two reasons. First, the record reflects that the trial court crafted the wording so as to satisfy both the prosecutor and the defense attorney. Second, the instructions the trial court provided adequately informed the jury that the law permitted Triplett to use the amount of force in defense of his sister that was justified by the circumstances. *Id*., paragraph one of the syllabus.

{¶58} Triplett further asserts that the trial court acted improperly in listing his convictions while instructing the jury. He acknowledges, however, that 2 Ohio Jury Instructions, Section 401.25 (2011) provides the trial court with the discretion to do so. In light of the jury instructions as a whole, this court cannot find that the trial court abused its discretion in this regard.

{¶59} Triplett claims in his eighth assignment of error that the evidence warranted a jury instruction on the lesser included offense of reckless homicide. This claim is rejected.

{¶60} A charge on a lesser included offense is required only when the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense. *State v. Collins*, 8th Dist. No. 95415, 2011-Ohio-3241, ¶ 35, citing *State v. Thomas*, 40 Ohio St.3d 213, 533 N.E.2d 286 (1988),

paragraph two of the syllabus. The court must view the evidence in the light most favorable to the defendant when deciding whether to instruct the jury on a lesser included offense. *State v. Campbell*, 69 Ohio St.3d 38, 630 N.E.2d 339 (1994). An instruction is not warranted, however, every time "some evidence" is presented on a lesser included offense. *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, 911 N.E.2d 242, ¶ 192. A trial court has discretion in determining whether the record contains sufficient evidentiary support to warrant a jury instruction on a lesser included offense; therefore, this court will not reverse that determination absent an abuse of discretion. *State v. Henderson*, 8th Dist. No. 89377, 2008-Ohio-1631, ¶ 10.

{¶61} A conviction for reckless homicide requires proof only that the accused acted recklessly. R.C. 2903.041(A). "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature." R.C. 2901.22(C).

{¶62} Triplett's defense was that he acted only to defend his sister with the appropriate amount of force under the circumstances as he perceived them. *See, e.g., State v. Moss*, 10th Dist. No. 05AP-610, 2006-Ohio-1647. Thus, an instruction on the offense of reckless homicide would have been in contradiction of the evidence adduced at trial. *State v. Kleekamp*, 2d Dist. No. 23533, 2010-Ohio-1906, ¶ 61. The trial court, therefore, did not abuse its discretion in declining to give such an instruction.

{¶63} Triplett's fourth and eighth assignments of error, accordingly, also are overruled.

{¶64} In his seventh assignment of error, Triplett states:

**"VII. The trial court erred when it failed to make statutorily necessitated findings before imposing an enhanced penalty for repeat violent offenders."**

{¶65} Triplett argues that the United States Supreme Court's decision in *Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009), had the effect of reinstating the sentencing scheme that was declared unconstitutional by the Ohio Supreme Court in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph three of the syllabus. Triplett fails to mention that the Ohio Supreme Court held otherwise in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, at paragraph two of the syllabus.

{¶66} The Ohio Supreme Court set forth the standard for reviewing felony sentencing applicable to Triplett's case in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. Appellate courts must apply a two-step approach when analyzing alleged error in a trial court's sentencing, i.e., they examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law, then, if the first prong is satisfied, the trial court's decision is reviewed under an abuse-of-discretion standard. *State v. Richmond*, 8th Dist. No. 96155, 2011-Ohio-6450, ¶ 77.

{¶67} In this case, Triplett's sentence is within the statutory range, so it does not violate the first prong of *Kalish*. Furthermore, the court acted within its discretion in

sentencing Triplett to an additional ten years for the RVOs.  *Richmond*, ¶ 80. Consequently, Triplett's seventh assignment of error also is overruled.

**{¶68}** Triplett's convictions and sentences are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   The defendant's conviction having been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

LARRY A. JONES, SR., P.J., and
SEAN C. GALLAGHER, J., CONCUR