[Cite as *State v. Terrell*, 2013-Ohio-5577.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99625**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## HARRY J. TERRELL

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-521919

**BEFORE:** S. Gallagher, J., Jones, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** December 19, 2013

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
By: John T. Martin
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio    44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Jeffrey S. Schnatter
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

**{¶1}** Defendant-appellant Harry Terrell appeals his conviction for fifth-degree felonies of drug trafficking and possession of criminal tools, following a no contest plea, challenging pretrial rulings in Cuyahoga C.P. No. CR-521919. For the following reasons, we affirm Terrell's conviction.

**{¶2}** This is Terrell's second appeal. In *State v. Terrell*, 8th Dist. Cuyahoga No. 97458, 2012-Ohio-3361 ("*Terrell* I"), Terrell, upon a single assignment of error, appealed the effectiveness of his waiver of counsel. The state conceded his waiver was insufficient, and we reversed Terrell's conviction for the fifth-degree felonies of drug trafficking and possession of criminal tools, following a no contest plea. Upon remand, Terrell chose to be represented by counsel when he pleaded no contest to the charges again. At the time of his sentencing, Terrell was serving ten years in the federal system on unrelated charges. On remand, Terrell sought reconsideration of the trial court's decision to deny his motion to suppress evidence emanating from a traffic stop. The only difference was that Terrell's sentence upon the no contest plea was reduced from 12 to 6 months. The trial court, with approval from both parties, reconsidered its decision based upon the evidence adduced at the suppression hearing held prior to Terrell's first no contest plea.

**{¶3}** The trial court reviewed the transcript of that hearing. On the record before this panel, and before Terrell's second no contest plea, the trial court again denied the motion to suppress, stating:

Regarding the motion to suppress the evidence, the Court has reviewed the transcript from the prior proceeding and adopts it herein pursuant to the stipulation of the parties, and that hearing was on June 20, 2011. [The court] stated at the time * * * that the relevant state ordinance is Revised Code Section 4513.23, that it mirrored the City of Cleveland ordinance 437.21. The city ordinance reads that every motor vehicle shall be equipped with a mirror, dot, dot, dot, so located as to reflect to the operator a view of the street to the rear of such vehicle or motorcycle. *Operators of vehicles shall have a clear and unobstructed view to the front and to both sides of their vehicles.* [The police officer] testified that they were following this van, and they were northbound on Martin Luther King, between Union and Kinsman. There was a white van, and they saw the passenger side mirror was broken. Only a little part of the mirror was left remaining where it should have been on the passenger side. A traffic stop was initiated based upon the potential violation of that city ordinance. I find that the traffic stop was made with sufficient probable cause. When the officer approached the side of the car, the smell of marijuana, a strong smell of marijuana was noticeable to the olfactory senses. As a result, a search was conducted. It is clear under case law that a warrantless search is appropriate in those circumstances.

(Emphasis added.) Tr. 7:23–9:5. The original transcript was not provided in the record for the current appeal. Thus, according to the trial court, the officer stopped Terrell under the belief that Terrell violated the city ordinance, which required the operator to have a clear and unobstructed view of both sides of the vehicle. In light of the trial court's decision, Terrell pleaded no contest, and this timely appeal follows.

**{¶4}** In Terrell's first assignment of error, he claims, "the trial court erred when it overruled the motion to suppress because there was an insufficient basis to stop Terrell's vehicle." Terrell's argument is without merit.[1]

---

[1]It appears that Terrell may have forfeited his right to challenge the trial court's decision on the suppression issue by failing to raise that in *Terrell* I, similar to our res judicata analysis employed disposing of his second assignment of error. The trial court, however, allowed Terrell to seek reconsideration of the suppression issue on remand. The state did not challenge Terrell's ability to

{¶5} In *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8, the Ohio Supreme Court set forth the following review standard for a motion to suppress:

> Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. *State v. Mills* (1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Fanning* (1982), 1 Ohio St.3d 19, 1 OBR 57, 437 N.E.2d 583. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard. *State v. McNamara* (1997), 124 Ohio App.3d 706, 707 N.E.2d 539.

Cleveland Codified Ordinances ("CCO") 437.21 in turn provides:

> Every motor vehicle and motorcycle shall be equipped with a mirror so located as to reflect to the operator a view of the street to the rear of such vehicle or motorcycle. Operators of vehicles and motorcycles shall have a clear and unobstructed view to the front and to both sides of their vehicles or motorcycles and shall have a clear view to the rear of their vehicles or motorcycles by mirror.

According to the trial court, the police officer believed that the broken mirror impeded Terrell's ability to see to the side of the panel van and therefore violated the ordinance.

{¶6} Terrell's sole argument regarding the motion to suppress is that a mirror is not required, and even if required, the traffic stop was not warranted because there was a portion of the mirror that could allow the defendant to see the side of his van. First,

---

relitigate the suppression issue even though it would have been dispositive in *Terrell* I. Regardless, in light of the fact that the state failed to raise this and the trial court revisited its earlier decision upon remand, we will address the suppression issue on its merits.

Terrell concedes he only had a view out of the front seat windows, and therefore, it logically follows that a mirror may have been required to view the side of the van behind the front seat. This case, as presented, is not about whether a mirror is required by the ordinance inasmuch as it is about whether a mirror was necessary to provide Terrell a view of the side of his vehicle. This raises the question of what constitutes a "view of the side of the vehicle" for the purposes of traffic enforcement.

{¶7} As discussed in *State v. Travis*, 8th Dist. Cuyahoga No. 98420, 2013-Ohio-581 (S. Gallagher, J., concurring), these interpretive-type statutes, such as a marked-lane violation statute, present factual issues regarding whether the police officers have a reasonable, articulable suspicion of a violation to justify the traffic stop. *Id.* at ¶ 33. In light of the fact, however, that the record only includes the trial court's findings, we are limited to reviewing whether the findings support the legal conclusion that the officers had a reasonable, articulable suspicion to justify the traffic stop based on their belief that Terrell violated CCO 437.21, which includes a requirement that the operator of a vehicle have an unobstructed view of the side of the vehicle.

{¶8} In this regard, Terrell misconstrues Ohio law.

> [T]he question of whether appellant might have a possible defense to a charge of violating [a statutory provision] is irrelevant in [a court's] analysis of whether an officer has a reasonable and articulable suspicion to initiate a traffic stop. An officer is not required to determine whether someone who has been observed committing a crime might have a legal defense to the charge.

*State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, ¶ 17. Whether the sliver of glass remaining in Terrell's side-view mirror was sufficient to give him a

view of the side of his vehicle would be a defense to any citation for failure to have an unobstructed view of the side of the panel van. Accordingly, the officers provided a reasonable and articulable suspicion of a traffic violation justifying the initiation of the traffic stop that led to the discovery of drugs. Terrell's first assignment of error is without merit.

{¶9} In his second and third assignments of error, Terrell claims his rights to a speedy trial pursuant to R.C. 2941.401 and R.C. 2945.71 were violated prior to his first no contest plea and appeal. Terrell's claims are barred by the doctrine of res judicata and, therefore, are without merit.

{¶10} In *Terrell* I, Terrell's sole assignment of error was based on an ineffective waiver of counsel. We agreed and remanded the case for further proceedings. Inherent in Terrell's arguments in the current case is the question of whether Terrell can relitigate the alleged statutory speedy trial violation premised on the trial court's denial of a pretrial motion that could have been appealed in *Terrell* I. Prior to *Terrell* I, the trial court denied Terrell's motion to dismiss, grounded in a speedy trial violation. Because this issue could have been addressed in *Terrell* I, we must answer that question in the negative.

{¶11} Generally, the doctrine of "[r]es judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the

syllabus. More specific, Terrell could have raised the speedy trial issues in his first appeal, which would have been dispositive. *See State v. Jordan*, 9th Dist. Summit No. 20453, 2001 Ohio App. LEXIS 2612 (June 13, 2001) (defendant's failure to perfect an appeal on a motion to suppress issue precludes a subsequent attempt to raise the issue for appellate review in a second appeal due to the application of the res judicata doctrine); *In re T.G., K.G. & S.G.*, 9th Dist. Wayne No. 04CA0040, 2004-Ohio-5173 (the defendant failed to challenge any action by the trial court on remand, instead challenging decisions that could have been challenged in the first appeal). As a result, Terrell is limited to challenging the speed at which the trial court disposed of his case upon remand.

{¶12} After a remand from the appellate court, however, the statutory speedy trial provisions no longer apply to the proceedings. *State v. Triplett*, 8th Dist. Cuyahoga No. 97522, 2012-Ohio-3804, ¶ 11 ("*Triplett* II"), citing *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Hull*, 110 Ohio St.3d 183, 2006-Ohio-4252, 852 N.E.2d 706 ("[t]he time limit for bringing a person to trial whose conviction has been overturned on appeal is governed by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution"). In *State v. Triplett*, 192 Ohio App.3d 600, 2011-Ohio-816, 949 N.E.2d 1058 (8th Dist.) ("*Triplett* I"), this court reversed that defendant's conviction on the grounds of faulty jury instructions and remanded the case. In *Triplett* I, Triplett unsuccessfully attempted to challenge the conviction on speedy trial grounds. The *Triplett* I court dismissed the argument because the defendant failed to

preserve the issue in the trial court. On remand, the defendant again sought dismissal of the case based on the statutory right to a speedy trial with the trial court.

{¶13} In *Triplett* II, the defendant's second appeal, this court again overruled the assignment of error relating to the alleged statutory speedy trial violation, holding that upon remand defendant only had a constitutional right to be brought to trial within a reasonable time, in that case one year from the date of the appellate reversal, not a statutory one. *Id.* at ¶ 10-11. This court dismissed the idea that the speedy trial days from before the appeal could be added to the post-remand days. *Id.*

{¶14} In this case, even if we were to construe Terrell's second and third assignments of error as involving the constitutional right to a speedy trial, upon remand, Terrell's plea occurred six months from when the case was remanded. Further, because only the constitutional speedy trial rights are recognized after an appellate court reverses a conviction, Terrell is precluded from raising his statutory right to a speedy trial on remand. *Hull*, 110 Ohio St.3d 183, 2006-Ohio-4252, 852 N.E.2d 706, paragraph two of the syllabus; *Triplett* II, 8th Dist. Cuyahoga No. 97522, 2012-Ohio-3804.

{¶15} In light of the foregoing, Terrell's second and third assignments of error are without merit. The trial court did not err in denying his motion to suppress, and Terrell's attempt to challenge the trial court's denial of his motion to dismiss for a violation of his statutory right to a speedy trial before his first appeal are prohibited by the doctrine of res judicata. Terrell should have appealed the trial court's decision denying his motion to dismiss on statutory speedy trial grounds in *Terrell* I.

**{¶16}** Terrell's conviction is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
PATRICIA ANN BLACKMON, J., CONCUR