THE STATE OF OHIO, APPELLEE, *v.* McCORMICK, APPELLANT.

(No. 53642—Decided April 11, 1988.)

*John T. Corrigan,* prosecuting attorney, and *George J. Sadd,* for appellee.

*James M. Walters III,* for appellant.

PRYATEL, P.J. Defendant-appellant, Robert P. McCormick, appeals from the judgment of the trial court overruling his motion to dismiss for lack of a speedy trial. By way of case background, McCormick was arrested on January 19, 1985, and subsequently charged with two traffic offenses (expired license plates and fictitious license plates) and three drug offenses: (1) possession of marijuana, (2) possession of cocaine, and (3) possession of drug paraphernalia. All charges were filed in the Berea Municipal Court. As a result of the same incident, McCormick was also indicted by the grand jury on March 28, 1985, for (1) possession of cocaine, and (2) possession of criminal tools.

On May 13, 1985, McCormick appeared in the Berea Municipal Court and pled no contest to possession of marijuana, drug paraphernalia and expired license plates. He was found guilty and sentenced. The fictitious license plates charge was dismissed as redundant and the drug charge relating to possession of cocaine (which had formed the basis of the drug charge in the indictment) was dismissed for lack of jurisdiction since it was a felony.

McCormick then filed a motion in the court of common pleas to dismiss the indictment on the grounds of double jeopardy, arguing that his conviction for drug abuse (possession of marijuana) in the Berea Municipal Court barred a second prosecution for drug abuse (possession of cocaine), and that the possession of criminal tools was really a repetition of the charge of possession of drug paraphernalia, which was already adjudicated in the Berea Municipal Court. The motion was heard on May 29, 1985, whereby the trial court dismissed the possession of criminal tools charge. However, the drug charge (possession of cocaine) was allowed to stand, which ruling McCormick then appealed to this court.

In *State* v. *McCormick* (May 5, 1986), Cuyahoga App. No. 50511, unreported, we affirmed the trial court's decision and the case was returned to the court of common pleas. No other action was taken until February 3, 1987 (two hundred seventy-four days from our journalized entry of May 5, 1986), when McCormick filed a motion to dismiss for lack of a speedy trial. The trial court over-

ruled this motion after a hearing, and journalized its ruling on March 2, 1987.

On March 4, 1987, McCormick pled no contest to the drug charge (possession of cocaine), was found guilty and was subsequently placed on a one-year probation. He appeals, assigning one error:

"The trial court erred when it failed and refused to grant the defendant's (appellant's) motion for discharge for the state's failure to prosecute its case against him within the time periods set forth in R.C. 2945.71."

R.C. 2945.71(C) provides in relevant part:

"A person against whom a charge of felony is pending:

"* * *

"(2) Shall be brought to trial within two hundred seventy days after his arrest."

Although the time limit does not apply to convictions which have been reversed and remanded for *retrial*,

State v. *Saunders* (1984), 23 Ohio App. 3d 69, 23 OBR 132, 491 N.E. 2d 313, the time limit does apply when an appellate court remands a case for trial. *State* v. *Willis* (1980), 69 Ohio App. 2d 128, 23 O.O. 3d 332, 432 N.E. 2d 219. In the instant case, the first appeal was taken from the judgment of the trial court overruling appellant's motion to dismiss the drug abuse offense, but no trial was ever held on that offense. In affirming that decision this court, in effect, remanded the case for further proceedings. Hence, the time limit provided in R.C. 2945.71 recommenced from the date our opinion was journalized on May 5, 1986. *Cleveland Heights* v. *Richardson* (1983), 9 Ohio App. 3d 152, 154, 9 OBR 218, 220, 458 N.E. 2d 901, 903.

Next, we must examine whether that time was extended for any reason pursuant to R.C. 2945.72.[1] From May 5, 1986, until the appellant filed his motion to dismiss on February 3, 1987, no intervening motions or other acts oc-

---

[1] R.C. 2945.72 provides:
"The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended *only* by the following:

"(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;

"(B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;

"(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;

"(D) Any period of delay occasioned by the neglect or improper act of the accused;

"(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

"(F) Any period of delay necessitated by a removal or change of venue pursuant to law;

"(G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;

"(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;

"(I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending." (Emphasis added.)

curred to extend the statutory period. Appellant thus established a *prima facie* case for discharge by proving that two hundred seventy-four days had elapsed, and it was incumbent upon the state to prove that the time limit was tolled or extended.

The state argues that: (1) appellant waived his right to a speedy trial by virtue of his first appeal; (2) appellant cannot show he has been prejudiced by the delay; and (3) the delay was due to a crowded docket and the retirement of the judge originally assigned to the case. None of these factors extended or tolled the statutory period since R.C. 2945.72 provides that the time is extended *only* by those factors listed therein. Nor has the state demonstrated that the delay was reasonable under federal and state constitutional standards, *State* v. *Fanning* (1982), 1 Ohio St. 3d 19, 21, 1 OBR 57, 58, 437 N.E. 2d 583, 585, once this court remanded the case to the trial court. Moreover, any delay occasioned by the court must appear in a journal entry explaining the reasons for such delay. *State* v. *Mincy* (1982), 2 Ohio St. 3d 6, 2 OBR 282, 441 N.E. 2d 571. We find no such journal entry.

Finally, the state maintains that appellant waived any speedy trial right when he pled no contest but did not specifically state his intention to preserve his right to appeal the trial court's ruling. Crim. R. 12(H) states in relevant part:

"The plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prej-udicially erred in ruling on a pretrial motion * * *."

There is no requirement in the rule that a defendant expressly reserve his right to appeal an adverse ruling when entering a no contest plea. Moreover, in *State* v. *Luna* (1982), 2 Ohio St. 3d 57, 58, 2 OBR 615, 616, 442 N.E. 2d 1284, 1286, the Ohio Supreme Court pointed out that "* * * the import of Crim. R. 12(H) is to preserve, not waive, the right to appeal pretrial rulings."

In *State* v. *Benson* (1985), 29 Ohio App. 3d 321, 324, 29 OBR 448, 451, 505 N.E. 2d 987, 991, this court held:

"It is the responsibility of the trial court, with the assistance of the prosecuting attorney, to ensure that an accused is brought to trial within the mandatory time limits set forth in R.C. 2945.71. When this responsibility is not fulfilled, the reviewing court is required by R.C. 2945.73(B)[2] to order defendant discharged. * * *" (Footnote added.)

This assignment of error is sustained.

The judgment of the trial court is reversed and defendant-appellant is discharged.

*Judgment reversed.*

PARRINO and BASINGER, JJ., concur.

THOMAS J. PARRINO, J., retired, of the Eighth Appellate District, and RANDALL L. BASINGER, J., of the Court of Common Pleas of Putnam County, sitting by assignment.

---

[2] R.C. 2945.73(B), governing discharge for delay in trial, provides:

"Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code."