The State of Ohio, Appellee, *v.* Hull, Appellant.

[Cite as *State v. Hull,* 110 Ohio St.3d 183, 2006-Ohio-4252.]

(Nos. 2005–0894 and 2005–0984—Submitted February
8, 2006—Decided August 30, 2006.)

O'Donnell, J.

{¶ 1} Theresa Hull appeals from a decision of the Seventh District Court of Appeals, which affirmed her conviction for driving under the influence of alcohol entered pursuant to a jury verdict finding her guilty of that offense. On appeal to our court, Hull contends that the state violated her right to a speedy trial.

{¶ 2} In Hull's initial appearance in the Mahoning County Court, the trial judge denied her motion to suppress evidence. She then entered a plea of no contest in order to challenge the ruling on the motion to suppress in the court of appeals. In that appeal, the appellate court vacated her conviction, holding that the trial court had found her guilty without receiving an explanation of the

circumstances surrounding her guilt. On remand, the trial court conducted a trial that resulted in a jury verdict finding her guilty of driving under the influence of alcohol. On her second appeal, the court of appeals affirmed her conviction but determined that its opinion conflicted with *State v. Parker*, 8th Dist. No. 82687, 2004-Ohio-2976, 2004 WL 1277243, and therefore certified the following question to us for resolution:

{¶ 3} "Whether R.C. 2945.71 applies in cases where the defendant has pled no contest, the conviction has been vacated, and the reviewing court is remanding the matter for further proceedings."

{¶ 4} We determined that a conflict existed, 106 Ohio St.3d 1479, 2005-Ohio-3978, 832 N.E.2d 733, and also accepted a discretionary appeal, 106 Ohio St.3d 1482, 2005-Ohio-3978, 832 N.E.2d 736.

{¶ 5} The facts of the instant case reveal that on October 13, 2001, at 2:13 a.m., Trooper Joel Hughes of the State Highway Patrol stopped the vehicle that Hull was operating on New Road for speeding in Austintown Township, Mahoning County, Ohio. As he approached the vehicle, Trooper Hughes detected an odor of alcohol on Hull's breath and noticed that she slurred her speech, appeared to be confused by his questions, and needed to steady herself as she exited the vehicle. Hull failed three field sobriety tests, and Hughes then arrested her for driving under the influence of alcohol, a misdemeanor of the first degree. Hughes transported her to the highway patrol office and administered a breath-alcohol test, which showed a breath-alcohol concentration of .120 grams per 210 liters of breath. Hughes then issued a citation formally charging Hull with operating a vehicle in violation of R.C. 4511.19(A).

{¶ 6} Hull moved to suppress the evidence seized during the traffic stop, alleging that the officer had lacked reasonable suspicion to perform an investigatory traffic stop or to administer the field sobriety tests, and also moved to suppress the results of the breath-alcohol test, asserting that Hughes had lacked probable cause to arrest her or to administer the test. The trial court denied the motion, and as a result, Hull entered a plea of no contest to driving under the influence of alcohol. Subsequently, Hull appealed that conviction and the court's rulings on her motion. The court of appeals vacated her conviction because the trial court had failed to obtain an explanation of the circumstances surrounding the offense before making the finding of guilt, as required by R.C. 2937.07, when it accepted her plea. *State v. Hull*, 7th Dist. No. 02 CA 47, 2003-Ohio-3715, 2003 WL 21640652, at ¶ 23.

{¶ 7} On remand, the court scheduled the case for trial, and Hull moved to dismiss, alleging denial of her right to a speedy trial. The court overruled the motion and conducted a trial, and the jury returned a verdict finding Hull guilty of driving under the influence of alcohol.

{¶ 8} On Hull's second appeal, the court of appeals held that R.C. 2945.71, Ohio's speedy-trial statute, did not apply to her situation, and, citing *State v. McAllister* (1977), 53 Ohio App.2d 176, 7 O.O.3d 247, 372 N.E.2d 1341, determined that Hull's trial would have to be held "within a reasonable period of time as required by the Sixth Amendment." *State v. Hull*, 7th Dist. No. 04 MA 2, 2005-Ohio-1659, 2005 WL 775885, at ¶ 31. Because Hull's trial had occurred within 149 days of the remand, the court of appeals affirmed her conviction but determined that its decision conflicted with *State v. Parker*, 8th Dist. No. 82687, 2004-Ohio-2976, 2004 WL 1277243, and therefore certified the matter to us.

## Ohio's Speedy–Trial Statute

{¶ 9} Relying principally on *State v. McCormick* (1988), 41 Ohio App.3d 158, 534 N.E.2d 942, Hull contends that Ohio's speedy-trial statute should apply when an appellate court vacates and remands a conviction following a no-contest plea and that the statutory period should recommence upon remand. In *McCormick*, the defendant initially moved to dismiss the case on double-jeopardy grounds, but the trial court denied that motion. On appeal, the court of appeals affirmed the denial and remanded the case for further proceedings. Thereafter, the trial court considered McCormick's second motion to dismiss on speedy-trial grounds, as 274 days had elapsed from the date of his initial appeal. The trial court denied that motion, and McCormick thereafter pleaded no contest and again appealed. The court of appeals held that McCormick's speedy-trial time had recommenced upon the initial remand and thereafter discharged him. Id. at 160, 534 N.E.2d 942.

{¶ 10} Hull also relies on *State v. Parker*, 8th Dist. No. 82687, 2004-Ohio-2976, 2004 WL 1277243, the case certified to us as in conflict with the instant appeal, which followed *McCormick* and held that the speedy-trial statute applied "in cases where the defendant has had no trial, i.e., pled no contest, and the reviewing court is remanding the matter for further proceedings." Id. at ¶ 19.

{¶ 11} Contrary to the holding of these cases, the state contends that Ohio's speedy-trial statute does not refer to remanded cases and therefore applies only to the initial adjudication following arrest.

{¶ 12} The issue framed for our consideration, therefore, calls for our review of whether Ohio's speedy-trial statute, R.C. 2945.71, applies to cases where an appellate court has vacated a criminal conviction following a no-contest plea.

{¶ 13} In this case, Trooper Hughes cited Hull for driving under the influence of alcohol, a misdemeanor of the first degree. R.C. 2945.71(B)(2) provides that "a person against whom a charge of misdemeanor * * * is pending in a court of record, shall be brought to trial * * * [w]ithin ninety days after the person's

arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree."

{¶ 14} In *State v. Fanning* (1982), 1 Ohio St.3d 19, 1 OBR 57, 437 N.E.2d 583, we considered a similar issue involving whether R.C. 2945.71 applied to a second trial conducted after the jury failed to reach a verdict. There, we noted that the statute was "not applicable to retrials. * * * The standard to be applied, therefore, is basically reasonableness under federal and state constitutions." Id. at 21, 1 OBR 57, 437 N.E.2d 583.

{¶ 15} Several appellate courts have considered related matters and reached the same conclusion. In *State v. Gettys* (1976), 49 Ohio App.2d 241, 3 O.O.3d 286, 360 N.E.2d 735, the court held that the speedy-trial statute is specifically directed to an original trial and, on reversal and retrial, a trial court had no duty to comply with this requirement. Id. at 243, 3 O.O.3d 286, 360 N.E.2d 735. Further, "[h]ad the legislature wished to have established a maximum time before retrial it could have so stated. It did not and it is not the function of this court to fill the omission by what would amount to judicial legislation. The statute has no application." Id.

{¶ 16} In addition, the court in *State v. Turner* (1982), 4 Ohio App.3d 305, 4 OBR 556, 448 N.E.2d 516, held that the speedy-trial statute did not apply to retrials ordered upon reversal of conviction and remand; instead, constitutional requirements are applicable. Id. at 306, 4 OBR 556, 448 N.E.2d 516. See, also, *State v. Saunders* (1984), 23 Ohio App.3d 69, 23 OBR 132, 491 N.E.2d 313, at paragraph one of the syllabus.

{¶ 17} With respect to a no-contest plea, the Eighth District Court of Appeals, in *State v. McAllister* (1977), 53 Ohio App.2d 176, 7 O.O.3d 247, 372 N.E.2d 1341, considered the circumstances presented by McAllister's plea of no contest to a charge of grand theft and the subsequent order by the trial court granting McAllister's motion to vacate his no-contest plea. On appeal, McAllister contended that his speedy-trial rights had been violated because his trial was not held within the statutory time limits, but the appellate court held that "[t]he provisions of Ohio's speedy trial statutes, R.C. 2945.71 *et seq.*, are directed solely to an original trial * * * and have no application to the time within which a defendant must be tried following the vacation of a no contest plea on his own motion." Id. at 178, 7 O.O.3d 247, 372 N.E.2d 1341. Thus, the court ruled that McAllister had to be tried within a reasonable period of time as required by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, which had been satisfied in that case. Id. at 179, 7 O.O.3d 247, 372 N.E.2d 1341. See, also, *State v. Studer* (June 23, 1999), 3d Dist. No. 10–98–20, 1999 WL 446088; *State v. Davis* (July 18, 1997), 2d Dist. No. 16050, 1997 WL 435687.

{¶ 18} As a general principle of statutory construction, we stated in *State ex rel. Burrows v. Ind. Comm.* (1997), 78 Ohio St.3d 78, 81, 676 N.E.2d 519, " 'If the meaning of the statute is unambiguous and definite, it must be applied as written and no further interpretation is necessary.' *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.* (1996), 74 Ohio St.3d 543, 545, 660 N.E.2d 463, 465. Unambiguous statutes are to be applied according to the plain meaning of the words used, *Roxane Laboratories, Inc. v. Tracy* (1996), 75 Ohio St.3d 125, 127, 661 N.E.2d 1011, 1012, and courts are not free to delete or insert other words, *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 220, 631 N.E.2d 150, 153."

{¶ 19} In this case, R.C. 2945.71(B)(2) specifies that a person charged with a first- or second-degree misdemeanor shall be brought to trial within 90 days after arrest or service of summons. The statute does not address those cases in which an appellate court has reversed a conviction and remanded the matter to a trial court for further proceedings. Because the statute is silent as to this circumstance, we are not in a position either to add language to the statute or to surmise legislative intent. If the legislature had intended the statutorily imposed speedy-trial time limitations to apply to convictions reversed and remanded on a plea of no-contest, it could have easily provided for that circumstance. It has not done so. Accordingly, the expressed legislative intent is for the statute to apply only to those situations following the arrest or service of summons upon a person charged with a criminal offense.

{¶ 20} In situations where the legislature has not expressed its intent for R.C. 2945.71 to apply, the time limitation for bringing the appellant to trial is governed by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. In *Barker v. Wingo* (1972), 407 U.S. 514, 523, 92 S.Ct. 2182, 33 L.Ed.2d 101, the court determined this to be "a reasonable period consistent with constitutional standards."

{¶ 21} Further, in *State v. Fanning* (1982), 1 Ohio St.3d 19, 1 OBR 57, 437 N.E.2d 583, we considered whether the trial court denied Fanning a speedy trial after it declared a mistrial because of a hung jury. There, we observed, "It is noteworthy that the statute does not include any reference whatever to retrials. The standard to be applied, therefore, is basically reasonableness under federal and state constitutions." Id. at 21, 1 OBR 57, 437 N.E.2d 583.

{¶ 22} In *Barker v. Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, the court identified four factors to be assessed in determining whether an accused had been constitutionally denied a speedy trial: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) the prejudice to the defendant. Id. at 530, 92 S.Ct. 2182, 33 L.Ed.2d 101.

Even though no single factor controlled, the court in *Barker* stated that the length of the delay is particularly important:

{¶ 23} "The length of the delay is to some extent a triggering mechanism. Until there is some delay *which is presumptively prejudicial,* there is no necessity for inquiry into the other factors that go into the balance. Nevertheless, because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case." (Emphasis added and footnote omitted.) Id. at 530–531, 92 S.Ct. 2182, 33 L.Ed.2d 101.

{¶ 24} In *State v. O'Brien* (1987), 34 Ohio St.3d 7, 516 N.E.2d 218, we considered and applied the *Barker v. Wingo* analysis to a case involving the waiver of speedy trial for a first-degree misdemeanor charge of driving under the influence of alcohol, and we concluded that a 138–day delay could not be "regard[ed] [as] 'presumptively prejudicial' under [the] circumstances." Id. at 10, 516 N.E.2d 218. Further, in *State v. Madden,* 10th Dist. No. 04AP–1228, 2005-Ohio-4281, 2005 WL 1983376, and *State v. Webb,* 4th Dist. No. 01CA32, 2002-Ohio-3552, 2002 WL 1565686, courts have concluded that delays of five months and six months are not presumptively prejudicial for the prosecution of a first-degree misdemeanor charge involving driving under the influence.

{¶ 25} In the instant case, we concur with the rationale and analysis offered by the court of appeals and its conclusion that the period within which the trial court adjudicated Hull's case following remand did not deprive her of her constitutional right to a speedy trial. Thus, in this case, we conclude that when an appellate court vacates a first-degree misdemeanor conviction entered pursuant to a plea of no contest and remands the case for further proceedings, the adjudication of the case 149 days thereafter is not presumptively prejudicial and is constitutionally reasonable.

{¶ 26} Accordingly, we affirm the judgment of the court of appeals and hold that R.C. 2945.71, Ohio's speedy-trial statute, specifies the time within which a person charged with a criminal offense shall be brought to trial following arrest or service of summons but does not address the situation created when an appellate court vacates a conviction entered pursuant to a no-contest plea and remands the case for further proceedings. R.C. 2945.71 does not apply to criminal convictions that have been overturned on appeal. The time limit for bringing a person charged with a crime to trial whose conviction has been overturned on appeal is governed by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR and LANZINGER, JJ., concur.

Paul J. Gains, Mahoning County Prosecuting Attorney, and Rhys B. Cartwright–Jones and Martin P. Desmond, Assistant Prosecuting Attorneys, for appellee.

James E. Lanzo, for appellant.