OPINION
{¶ 1} Defendant-appellant William R. Kerby, acting pro se, appeals his conviction and sentence for one count of aggravated murder, one count of aggravated robbery, one count of tampering with evidence, and one count felonious assault. Each count for aggravated murder, aggravated robbery, and felonious assault contained an additional firearm specification which *Page 2 
merged into one three year term for the purposes of sentencing. The trial court sentenced Kerby to a total aggregate sentence of life imprisonment with parole eligibility after thirty-one (31) years. Kerby filed a timely notice of appeal with this Court on July 24, 2006.
 I {¶ 2} We set forth the history of the case in State v. Kerby (2005),162 Ohio App.3d 353, 833 N.E.2d 757 (hereinafter "Kerby I "), and repeat it herein in pertinent part:
 {¶ 3} "On November 27, 2001, three men entered the Family Video Store on Selma Road in Springfield and attempted an armed robbery. One of the store employees, Chad Kautz, was shot and killed by the perpetrators. Another employee, Matthew Brown, was injured.
 {¶ 4} "Defendant, William Kerby, was arrested on December 13, 2001, on suspicion of committing the armed robbery and the other crimes arising from it. One of the other suspects arrested was Defendant's brother, Carlos Kerby. The third was Jawhan Massey.
 {¶ 5} "Defendant was brought to police headquarters, where officers advised him of his Miranda rights. Defendant Kerby acknowledged and waived his rights. Police interrogation commenced, but shortly after it did Defendant invoked his right to remain silent, indicating that he wished to answer no further questions. The interrogation was terminated.
 {¶ 6} "Police interrogation of Defendant Kerby was resumed several hours later, allegedly at his instance. Defendant made statements incriminating himself in the crimes committed at the Family Video Store on November 27, 2001.
 {¶ 7} "The day following his confession to police and while he was in the county jail, Defendant agreed to a press request for an interview. Police recorded the interview with a video camera. Defendant made further incriminating statements in the press interview. *Page 3 
 {¶ 8} "Defendant was indicted on multiple offenses on December 26, 2001. The Clark County Public Defender was appointed to represent him. The court set a trial date of February 13, 2002. Several days later defense counsel moved for a continuance. The motion was heard on February 5, 2002. At that hearing, Defendant also waived his speedy trial rights. The trial court subsequently set a new trial date of September 3, 2002.
 {¶ 9} "The assigned trial date, September 3, 2002, passed without a trial being held. Thereafter, Defendant filed another speedy trial waiver as well as several procedural motions, including motions to suppress evidence, which operated to toll Defendant's statutory speedy trial time.
 {¶ 10} "On July 15, 2003, Defendant entered pleas of no contest to the offenses with which he was charged, after the firearm specifications attached to all but the aggravated murder charge were deleted by the State. The court found Defendant guilty of all the charges and sentenced him to a total aggregate life sentence of life imprisonment with an eligibility for parole after having served twenty-nine years."
 {¶ 11} Kerby appealed his conviction and sentence to this Court. InKerby I, we reversed his conviction and sentence, and the matter was remanded to the trial court. The State appealed our decision to the Supreme Court of Ohio, who, subsequently, declined jurisdiction on December 14, 2005.
 {¶ 12} After the matter was returned to the trial court, Kerby filed a motion to dismiss on June 16, 2006, asserting that his right to a speedy trial had been violated pursuant to R.C. § 2945.71. On July 5, 2006, the trial court overruled Kerby's motion and held that R.C. § 2945.71 does not apply to retrials after a defendant's conviction on a no contest plea has been reversed *Page 4 
and remanded on appeal. The trial court additionally considered the motion on constitutional grounds and found there to be nothing presumptively prejudicial about the alleged delay in Kerby's case.
 {¶ 13} Upon his motion being overruled, Kerby pled no contest and was found guilty on all Counts in the indictment. At sentencing, the trial court imposed a life sentence on Kerby with parole eligibility after thirty-one (31) years.
 {¶ 14} It is from this judgment which Kerby now appeals.
 II {¶ 15} Although he fails to properly set out a specific assignment of error, the crux of Kerby's argument is that the trial court erred in denying him the right to a speedy trial. Essentially, Kerby argues that the language of R.C. § 2945.71(C)(2) and (E) requiring that a defendant be "brought to trial" within a certain time period applies in his case because he offered a no contest plea and was never tried by a jury initially. Thus, Kerby argues that it must follow that when his first case was reversed and remanded, there was an automatic speedy trial violation by virtue of the reversal since the former plea was of no effect and he never had a trial. The State notes in its brief that if Kerby's interpretation of R.C. § 2945.71 were correct, then this Court would be forced to dismiss every case that is reversed on appeal from a plea and never remand any such case because by the time the appeal is decided, every case in which there was a plea would have passed the speedy trial requirements of the statute.
 {¶ 16} The issue of whether Ohio's speedy trial statute, R.C. 2945.71, applies to cases where an appellate court has vacated a criminal conviction following a no contest plea was recently addressed by the Supreme Court of Ohio in State v. Hull (2006), 110 Ohio St.3d 183, *Page 5 852 N.E.2d 706, 2006-Ohio-4252. In Hull, the Supreme Court answered that question in the negative stating that the statute does not apply to criminal convictions that have been overturned on appeal.
 {¶ 17} Thus, the standard to be applied is one of reasonableness under federal and state constitutions. The time limitation for bringing the appellant to trial is governed by the Sixth Amendment of the United States Constitution and Section 10, Article I of the Ohio Constitution."In Barker v. Wingo (1972), 407 U.S. 514, 523, 92 S.Ct. 2182, the court determined this to be `a reasonable period consistent with constitutional standards. `" Hull, 110 Ohio St.3d at 187,852 N.E.2d 706, 710.
 {¶ 18} Four factors are to be assessed in determining whether an accused had been constitutionally denied a speedy trial: 1) the length of the delay; 2) the reason for the delay; 3) the defendant's assertion of his right to speedy trial; and 4) the prejudice to the defendant.Id., citing Barker, 407 U.S. at 530.
 {¶ 19} "The length of the delay is to some extent a triggering mechanism. Until there is delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. Nevertheless, because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case."Barker, 407 U.S. at 530-531.
 {¶ 20} In the instant case, we agree with the rationale of the trial court and find that there is nothing about the delay of Kerby's trial upon remand which is presumptively prejudicial. In fact, the initial trial date was just a few months after the Supreme Court declined review in December, 2005. The record indicates that Kerby's trial on remand was originally set *Page 6 
for some time in the spring of 2006 but was delayed because of a looming capital murder case, and a new trial date was set for July 3, 2006. Defense counsel changed during this time, as well. Thus, we hold that the delay of Kerby's trial in this case was not presumptively prejudicial and is, therefore, constitutionally reasonable such that his right to speedy trial was not violated.
 {¶ 21} Kerby's sole assignment of error is overruled.
 III {¶ 22} Kerby's sole assignment of error having been overruled, the judgment of the trial court is affirmed.
 BROGAN, J. and FAIN, J., concur. *Page 1