[Cite as *State v. Kerby*, 2014-Ohio-3358.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO :

    Plaintiff-Appellee : C.A. CASE NO. 2013 CA 31

v. : T.C. NO. 02CR05

CARLOS L. KERBY : (Criminal appeal from
                                      Common Pleas Court)

    Defendant-Appellant :

:

. . . . . . . . . .

# **O P I N I O N**

Rendered on the 1st day of August, 2014.

. . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Assistant Prosecuting Attorney, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

ROBERT ALAN BRENNER, Atty. Reg. No. 0067714, 120 W. Second Street, Suite 706, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}**    Defendant-appellant Carlos L. Kerby, acting pro se, appeals from a decision

of the Clark County Court of Common Pleas, Criminal Division, denying his post-conviction "motion to vacate and correct sentences pursuant to R.C. 2941.25 and Crim. R. 52(B)." Kerby filed a timely notice of appeal with this Court on March 25, 2013.

{¶ 2} We set forth the history of the case in *State v. Kerby,* 2d Dist. Clark No. 09-CA-39, 2010-Ohio-562 , and repeat it herein in pertinent part:

> In November 2001, three men attempted to rob a Family Video Store in Springfield, Ohio. The men entered the vestibule of the store and demanded money. When they saw one of the clerks, Chad Kautz, on the telephone, one of the men fired a shotgun blast through the glass window of the vestibule. Kautz died as a result of the injuries he sustained, and the other clerk was extensively injured. After receiving some anonymous tips and investigating, the police questioned Kerby about one month later, and obtained a confession. The two other men involved in the shooting were Carlos's brother, William Kerby, and Jawhan Massey. See *State v. Kerby*, 162 Ohio App.3d 353, 2005-Ohio-3734, and *State v. Kerby*, Clark App. No. 03-CA-55, 2007-Ohio-187, at ¶ 9-11. William Kerby pled no contest to one count of Aggravated Murder, one count of Aggravated Robbery, one count of Tampering with Evidence, and one count of Felonious Assault, and received a total aggregate sentence of life imprisonment, with parole eligibility after thirty-one (31) years. See *State v. Kerby*, Clark App. No. 2006 CA 73, 2007-Ohio-3810, at ¶¶ 1 and 13 (affirming William Kerby's conviction and sentence).

Carlos Kerby initially pled no contest to, and was convicted of, Aggravated Murder with a firearm specification, Murder, Aggravated Robbery and Felonious Assault. *Kerby*, 2007-Ohio-187, at ¶ 1, and 16-17. Carlos Kerby was then sentenced to life imprisonment, with parole eligibility after 27 years. Id. at ¶ 17. We reversed the conviction and remanded the matter for further proceedings, because we concluded that Kerby's confession was involuntary. Id. at ¶ 42-88.

After the matter was remanded, the State agreed to amend Count Two (the Murder charge) to Involuntary Manslaughter, to dismiss the firearm specifications in Count Two and Count Three (the Aggravated Robbery charge), and to dismiss the remaining counts. The parties also agreed to a ten-year sentence on both counts, and that the sentences would be served consecutively, for a total of twenty years. Kerby then pled guilty to Involuntary Manslaughter and Aggravated Robbery, and was sentenced to ten years in prison on each charge, with the sentences to be served consecutively.

The judgment entry of conviction was filed on June 9, 2008.

In December 2008, Kerby filed, *pro se*, a "Motion to Withdraw No Contest Plea Because of Manifest Injustice."[1] The basis for the motion is that the indictment for Aggravated Robbery fails to allege mens rea with respect to possession of a deadly weapon, and is therefore invalid for purposes of establishing an underlying felony for the Involuntary

---

[1]The motion is incorrectly styled – Kerby pled guilty.

Manslaughter charge. Kerby further alleged that "mens rea" was not mentioned when the trial court accepted his guilty plea.

The trial court denied Kerby's motion. The court held that the part of the Aggravated Robbery statute setting forth the deadly weapon element put Kerby on notice of the mens rea required. The court also concluded that Kerby had been afforded a thorough and detailed Crim. R. 11 colloquy.

{¶ 3} Kerby subsequently appealed the decision of the trial court. We concluded the trial court did not err when it denied Kerby's motion to withdraw his guilty plea and affirmed his conviction and sentence. *Kerby*, 2d Dist. Clark No. 09-CA-39, 2010-Ohio-562.

{¶ 4} On May 10, 2012, Kerby filed a "motion to vacate and correct sentences pursuant to R.C. 2941.25 and Crim. R. 52(B)." In his motion, Kerby argued that pursuant to the Ohio Supreme Court's holding in *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the trial court was required to merge his convictions for involuntary manslaughter and aggravated robbery. In a decision and entry filed on February 22, 2013, the trial court denied Kerby's motion, finding that under the specific facts of this case, involuntary manslaughter and aggravated robbery were not allied offenses of similar import. It is apparent from the decision that the trial court utilized the test set forth in *Johnson* in order to determine whether the offenses should be merged.

{¶ 5} It is from this decision that Kerby now appeals.

{¶ 6} Kerby's sole assignment of error is as follows:

{¶ 7} "THE TRIAL COURT ERRED WHEN IT DENIED KERBY'S MOTION TO VACATE AND CORRECT SENTENCES."

{¶ 8}   In his sole assignment, Kerby contends that the trial court erred when it denied his motion to vacate and correct his sentences.   Specifically, Kerby argues that his convictions for involuntary manslaughter and aggravated robbery were allied offenses and should have been merged for sentencing purposes based upon the new merger rule set forth in *Johnson*.   Kerby failed to argue at his original sentencing hearing before the trial court that his involuntary manslaughter and aggravated robbery offenses are allied offenses of similar import that must be merged.   Kerby has therefore waived all error except plain error. *State v. Coffey*, 2d Dist. Miami No. 2006CA6, 2007-Ohio-21, at ¶14.   To prevail under the plain error standard, an appellant must demonstrate both that there was an obvious error in the proceedings and that but for the error, the outcome of the trial clearly would have been otherwise. *State v. Noling*, 98 Ohio St.3d 44, 2002-Ohio-7044, 781 N.E.2d 88.

{¶ 9}   The merger of offenses is governed by R.C. 2941.25, which is a "prophylactic statute that protects a criminal defendant's rights under the Double Jeopardy Clauses of the United States and Ohio Constitutions." *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 45.   R.C. 2941.25 provides:

(A)   Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to

each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 10} The defendant bears the burden to prove entitlement to merger. *State v. Thomas,* 10th Dist. Franklin No. 10AP-557, 2011-Ohio-1191, ¶ 16.

{¶ 11} In *Johnson,* the Supreme Court of Ohio announced a new manner of applying R.C. 2941.25 to determine when offenses are allied offenses of similar import that must be merged. It abandoned the previous test, set forth in *State v. Rance*, 85 Ohio St.3d 632, 710 N.E.2d 699 (1999), which called for a comparison of the statutory elements solely in the abstract. *Johnson* held that, when determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered. *Id.* at ¶ 44. The Supreme Court explained:

In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other. *State v. Blankenship* (1988), 38 Ohio St.3d 116, 119. (Whiteside, J., concurring) ("It is not necessary that both crimes are always committed by the same conduct but, rather, it is sufficient if both offenses *can be* committed by the same conduct. It is a matter of possibility, rather than certainty, that the same conduct will constitute commission of both offenses." [Emphasis sic] ). If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the

offenses are of similar import.

If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." *State v. Brown,* 119 Ohio St.3d 447, 2008-Ohio-4569, at ¶ 50 (Lanzinger, J., dissenting).

If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

Conversely, if the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R .C. 2941.25(B), the offenses will not merge.

*Johnson* at ¶ 48–51.

{¶ 12} In the instant case, Kerby argues that his offenses should have merged because his actions in committing the aggravated robbery and the involuntary manslaughter were committed with a single animus. Kerby was convicted and sentenced for involuntary manslaughter, in violation of R.C. 2903.04(A), and aggravated robbery, in violation of R.C. 2911.01(A)(1). R.C. 2903.04(A) states, "No person shall cause the death of another *** as a proximate result of the offender's committing or attempting to commit a felony." R.C. 2911.01(A)(1), the relevant aggravated robbery statute, provides, "No person, in attempting or committing a theft offense, * * * , or in fleeing immediately after the attempt or offense, shall do any of the following: (1) [h]ave a deadly weapon on or about the offender's person

or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it."

{¶ 13} The commission of aggravated robbery pursuant to R.C. 2911.01(A)(1) necessarily entails that the offender display, brandish, or use a deadly weapon while committing a theft offense. We therefore conclude that it is possible that the victim could die through the offender's use of a deadly weapon in the course of the aggravated robbery, resulting in an involuntary manslaughter. Thus, it is possible to commit involuntary manslaughter under R.C. 2903.04(A) and aggravated robbery under R.C. 2911.01(A)(1) with the same conduct, thus satisfying the first prong of the *Johnson* test.

{¶ 14} Because it is possible to commit involuntary manslaughter and aggravated robbery with the same conduct, we must examine Kerby's conduct to determine whether he did, in fact, commit the two offenses with the same conduct and the same animus. *Johnson* at ¶ 50-51. At Kerby's plea hearing on May 30, 2008, the following facts were read into the record by the State:

> In the late evening hours of November 27 into the early morning hours of the 28th of November of 2001, the Defendant[s], Jawhan Massie and William Kerby went to the Family Video Store located at 1202 Selma Road in the City of Springfield. The victim in this matter, Chad Tyler Couts, and a coworker Matt Brown, were in the process of closing the store at that time when the Defendants arrived. *They demanded money. At that point in time[,] Mr. Couts attempted to call 9-1-1. During this time, Jawhan Massie fired one shot with a 20-gauge shotgun, fatally wounding Mr. Couts. \*\*\*.*

**{¶ 15}** In *State v. Jackson*, 2d Dist. Montgomery No. 24430, 2012-Ohio-2335, at ¶ 140, we recently stated:

Several courts have held that, where the force used to effectuate an aggravated robbery is far in excess of that required to complete the robbery, or where the circumstances suggest that a separate intent to kill existed, the offenses of aggravated robbery and murder do not merge. *See* [*State v.]Diggle,* [3d Dist Auglaize No. 2-11-19, 2012-Ohio-1583] (evidence of prior conflict with victim and defendant's use of force in excess of that required to complete robbery found to demonstrate separate animus for murder); *State v. Ruby,* 6th Dist. Sandusky No. S-10-028, 2011-Ohio-4864, ¶ 61 (beating of elderly, disabled victims demonstrated separate animus for aggravated robbery and attempted murder, because the beating far exceeded that necessary to effectuate the robbery); *State v. Tibbs*, 1st Dist. Hamilton No. C-100378, 2011-Ohio-6716, ¶ 48 (shooting victim in face and head from close range during course of aggravated robbery demonstrated a specific intent to kill).

**{¶ 16}** In *Jackson*, the defendant was convicted of aggravated robbery and murder. We ultimately found that the trial court could have reasonably concluded that the defendant's use of force exceeded that necessary to complete the robbery or that he had a separate intent to kill the victim. *Jackson*, at ¶ 141. The victim was shot four times as he lunged toward the defendant in an apparent attempt to thwart the robbery; when one of the shots were fired, the gun was in contact with the top of the victim's head. *Id*. This degree of

force suggests the use of force in excess of that required to effectuate the robbery. *Id*. Based on these facts, we found that the aggravated robbery was committed with a separate animus from the murder. We therefore held that the trial court did not err when it refused to merge the two offenses.

{¶ 17} Although the charge in the instant case was involuntary manslaughter rather than murder, the facts present in the instant case require the same outcome as in *Jackson*. Kerby and Massie, who was brandishing a shotgun, approached the video store and demanded money. Shortly thereafter, Massie observed that Couts was attempting to call 9-1-1. At that point, Massie shot Couts and killed him. No evidence was presented that the defendants planned or decided to shoot Couts in order to accomplish the aggravated robbery. Rather, a subsequent decision was made to shoot Couts to stop him from completing his call for help. Moreover, as we found in *Jackson*, the defendant's use of force exceeded that necessary to complete the robbery. *Id*. at ¶ 141. The fact that Massie, not Kerby, was the shooter is irrelevant to this analysis. Thus, the trial court did not err when it refused to merge Kerby's convictions for aggravated robbery and involuntary manslaughter, and his "motion to vacate and correct sentences pursuant to R.C. 2941.25 and Crim. R. 52(B)" was properly denied.

{¶ 18} Kerby's sole assignment of error is overruled.

{¶ 19} Kerby's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

Ryan A. Saunders
Robert Alan Brenner
Hon. Richard J. O'Neill