[Cite as *State v. Meadows*, 2020-Ohio-3888.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 108452 |
| v. | : | |
| ISAIAH S. MEADOWS, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** July 28, 2020

Cuyahoga County Court of Common Pleas
Case No. CR-16-607612-A
Application for Reopening
Motion No. 537933

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Gregory Ochocki, Assistant Prosecuting Attorney, *for appellee.*

Isaiah S. Meadows, *pro se.*

MARY J. BOYLE, P.J.:

{¶ 1} Applicant, Isaiah S. Meadows, timely seeks to reopen his appeal in *State v. Meadows*, 8th Dist. Cuyahoga No. 108452, 2020-Ohio-802. He claims

appellate counsel was ineffective for failing to raise eight proposed assignments of error:

I. The trial court violated appellant's federal and state constitutional rights to due process of law when it failed to allow appellant the opp[o]rtunity to submit evidence on his behalf during the bifurcated hearings on the sexual violent predator specifications and the repeat violent offender specification before he was found guilty by the trial judge.

II. The trial court violated appellant's constitutional and statutory right to a speedy trial under R.C. 2945.71 through R.C. 2945.73 when it failed to try appellant within the 90[-]day time limit prescribed by R.C. 2945.71(C)(2) and (E) upon revers[al] and remand.

III. The trial court violated appellant's federal and state constitutional rights to due process of law when it erred by creating improper and defective journal entries that unfairly charged appellant for every continuance listed in the file.

IV. The trial court violated appellant's federal and state constitutional rights to due process of law when it violated R.C. 2953.08(A) and (A)(3).

V. The trial court violated appellant's federal and state constitutional rights to due process of law when it failed to reindict, reinstate, or refile charges against him before trial upon reverse and remand.

VI. The trial court violated appellant's federal and state constitutional rights to due process of law when it imposed harsher sentences on appellant upon reverse and remand without judge's reasons for doing so affirmatively appearing on the record, therefore displaying vindictiveness towards appellant for successfully attacking his previous conviction.

VII. The trial court violated appellant's federal and state constitutional rights to due process of law when he left the courtroom during trial and allowed the state to show portions of a video interrogation to the jury that were not agreed upon or stipulated to by both parties before trial and that prejudiced the defendant.

VIII. Appellant's trial counsel displayed ineffective assistance of counsel when he failed to file a motion to suppress all evidence for lack

of probable cause or evidence to substantiate probable cause for lack of 911 tape.

{¶ 2} For the reasons that follow, the application is denied.

## I. Procedural and Factual History

{¶ 3} In March 2017, Meadows pleaded guilty to charges as part of a plea agreement. He was initially charged with rape, attempted rape, kidnapping, grand theft, criminal damaging, failure to comply, having weapons while under disability, carrying concealed weapons, and improperly handling firearms in a motor vehicle. The plea agreement called for the state to dismiss the criminal damaging charge, one of two counts of failure to comply, and sexually violent predator specifications. Other charges and specifications in the indictment were also amended. Meadows pleaded guilty to eight counts, and was sentenced to an aggregate prison term of 33 years. He appealed his convictions arguing that the trial court failed to comply with Crim.R. 11 prior to accepting his guilty pleas. The state conceded the error. *State v. Meadows*, 8th Dist. Cuyahoga No. 105753, 2017-Ohio-8407, ¶ 2. On November 2, 2017, a panel of this court vacated his convictions and remanded the case to the trial court.

{¶ 4} On remand, Meadows was appointed counsel and the case proceeded to trial on February 12, 2019. At the conclusion of trial, Meadows was found guilty of one count of rape with one- and three-year firearm specifications, one count of kidnapping with one- and three-year firearm specifications, one count of grand theft with one- and three-year firearm specifications, two counts of failure to

comply, one count of improperly handling firearms in a motor vehicle, and the court found Meadows guilty of having weapons while under disability. The court also found Meadows guilty of repeat violent offender, sexually violent predator, and sexual motivation specifications. Meadows was sentenced to a prison term of life in prison with parole eligibility after 29 years.

{¶ 5} Meadows appealed from his convictions. *Meadows,* 8th Dist. Cuyahoga No. 108452, 2020-Ohio-802.[1] There, he raised two assignments of error challenging the manifest weight of the evidence of his rape conviction and the way in which the trial court journalized costs in the action. *Id.* at ¶ 1. In a decision issued on March 5, 2020, this court affirmed the convictions, but remanded the case to the trial court to issue a nunc pro tunc entry regarding costs. *Id.*

{¶ 6} On April 16, 2020, Meadows filed a timely application to reopen his appeal where he raised eight proposed assignments of error. The state timely opposed the application.

## II. Law and Analysis

### A. Standards for Reopening

{¶ 7} "The clear intent of App.R. 26(B) is for the appellate court to function as the trier of fact in determining whether the defendant has demonstrated a genuine issue as to the ineffectiveness of his appellate counsel." *State v. Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221, ¶ 21. The rule provides that

---

[1] See this case for a more detailed recitation of the facts underlying the convictions.

"[a]n application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." Ineffectiveness of appellate counsel is judged using the same standard that applies to claims of ineffectiveness of trial counsel found in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998). *State v. Were*, 120 Ohio St.3d 85, 2008-Ohio-5277, 896 N.E.2d 699, ¶ 10.

{¶ 8} In order to demonstrate ineffective assistance of appellate counsel, Meadows must prove that counsel was "'deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims on appeal.'" *Id.* at ¶ 11, quoting *State v. Sheppard*, 91 Ohio St.3d 329, 333, 744 N.E.2d 770 (2001). Further, Meadows "'bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.'" *Id.*, quoting *Spivey* at 25.

**B. Right to Present a Defense**

{¶ 9} Meadows first asserts appellate counsel was ineffective for not arguing an assignment of error claiming that Meadows's right to due process was violated when the trial court failed to allow him the opportunity to submit evidence regarding the sexually violent predator and repeat violent offender specifications.

{¶ 10} "The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations."

*Chambers v. Mississippi*, 410 U.S. 284, 294, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). "Few rights are more fundamental than that of an accused to present witnesses in his own defense." *Id.* at 302. Meadows claims this fundamental right was violated during his trial. The record in this case does not support his claim.

{¶ 11} After the announcement of the jury's findings, the court proceeded directly to find Meadows guilty of the charge and specifications tried to the bench. (Tr. 748.) However, prior to that, Meadows's attorney stipulated to a certified copy of the journal entry for a prior conviction in Georgia in reference to the notice of prior conviction and repeat violent offender specifications. (Tr. 122-123.) Additionally, after the state rested its case, and outside the presence of the jury, the court asked defense counsel if they were going to present any evidence. One of Meadows's attorneys responded that they did not intend to present any evidence. (Tr. 628.)

{¶ 12} Finally, just prior to the sentencing hearing, the state made sure the following was part of the record:

> [Prosecutor 1]: First, your Honor, with regard to the sexually violent predator specification on Count 1, that determination was made by the Court at the conclusion of the trial. The State did present, if the Court recalls, a certified journal entry with regard to that specification [prosecutor 2] has spoken with [defense counsel 2] prior to today's hearing who indicated that the defense did not have any additional evidence that they will put on with regard to that specification. I did want to make a record of that.
>
> The Court: Is that correct, [defense counsel 1]?
>
> [Defense counsel 1]: That's my understanding of the discussion between [defense counsel 2] and [prosecutor 2], your Honor.

(Tr. 759-760.)

{¶ 13} Defense counsel chose not to present evidence with regard to the specifications or charge tried to the bench. It is apparent from the record that an opportunity was afforded to Meadows to present evidence, but defense counsel made a conscious decision to decline to do so. Therefore, the trial court did not deprive Meadows of his right to present evidence or a defense, and appellate counsel was not ineffective for failing to assign such an error on appeal.

## C. Speedy Trial and Improper Continuances

{¶ 14} Meadows asserts in this second proposed assignment of error that his right to a speedy trial, as set forth in R.C. 2945.71 through 2945.73, was violated when he was not brought to trial within 90 days. He further claims in his third proposed assignment of error that the trial court improperly indicated that each request for continuance was at Meadows's request. As these two proposed assignments of error are interrelated, they will be addressed together.

{¶ 15} A right to a speedy trial is guaranteed by the United States and Ohio Constitutions. That right is further codified in R.C. 2945.71 through 2945.73. However, the statutory right to a speedy trial does not apply to Meadows's retrial after successful appeal. *State v. Hull*, 110 Ohio St.3d 183, 2006-Ohio-4252, 852 N.E.2d 706, paragraph one of the syllabus. In such cases, the right to speedy trial is governed by the Sixth Amendment and Section 10, Article I of the Ohio Constitution. *Id.* at paragraph two of the syllabus.

> In *Barker v. Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101,
> the court identified four factors to be assessed in determining whether
> an accused had been constitutionally denied a speedy trial: (1) the
> length of the delay, (2) the reason for the delay, (3) the defendant's
> assertion of his right to a speedy trial, and (4) the prejudice to the
> defendant. *Id.* at 530, 92 S.Ct. 2182, 33 L.Ed.2d 101.

*Id*. at ¶ 22.

{¶ 16} Although Meadows's proposed assignment of error includes an allusion to his constitutional right to speedy trial, his arguments in support of this assignment of error are limited to reliance on the statutory provisions. These are not applicable. Therefore, Meadows's arguments are inapplicable to his case.

{¶ 17} Appellate counsel could not have been ineffective for failing to raise and argue an assignment of error based on the statutory right to a speedy trial.

{¶ 18} Meadows also claims the continuances entered on the docket in his case improperly indicated each was at his request. Because Meadows has not set forth a proper argument about a violation of his speedy trial rights under the Sixth Amendment or the Ohio Constitution, he has failed to show any prejudice in his allegation that continuances were improperly charged to him. But in an abundance of caution, this court will analyze whether Meadows was brought to trial within a reasonable time under the test set forth above.

{¶ 19} The length of delay becomes a triggering event for the *Barker* analysis. "Before a court engages in a balancing test under *Barker*, the court must make a threshold determination concerning the length of delay. '"Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into

the other factors that go into the balance.'"'" *State v. Williams*, 8th Dist. Cuyahoga No. 108275, 2020-Ohio-269, ¶ 49, quoting *Hull*, 110 Ohio St.3d 183, 2006-Ohio-4252, 852 N.E.2d 706, at ¶ 23, quoting *Barker*, 407 U.S. at 530, 92 S.Ct. 2182, 33 L.Ed.2d 101. The length of delay becomes presumptively prejudicial as it approaches one year in length. *Doggett v. United States*, 505 U.S. 647, 652, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992), fn. 1.

**{¶ 20}** Here, Meadows was brought to trial approximately 15 months after remand from successful appeal. Therefore, the *Barker* analysis is triggered. *Williams* at ¶ 49. However, a review of the record indicates that Meadows was brought to trial within a reasonable time.

**{¶ 21}** The second factor directs the court to examine the reasons for the delay. The journal entries in the record documenting the continuances that exist in this case do indicate that each one was at Meadows's request; even two continuances that were necessitated by the unavailability of the trial judge and the prosecutor. However, those are the only continuances that evidence an improper charge to Meadows.

**{¶ 22}** The docket is replete with instances of proper continuances charged to Meadows that came at defense counsel's request. On November 2, 2017, this court vacated Meadows's guilty pleas and remanded the case to the trial court. The record was returned to the trial court and the case was returned to the active docket of the trial court by order of the administrative judge of the common pleas court on January 3, 2018. On January 17, 2018, the trial court assigned new

counsel and set a pretrial date of January 22, 2018. A pretrial was held on January 22, 2018, and the case was continued at the defendant's request to conduct discovery. This was followed with continuances caused by discovery requests, plea negotiations, a motion filed by Meadows to disqualify counsel, a motion to continue the trial date filed by Meadows's counsel, a continuance by the court necessitated by another trial the judge was overseeing, and a continuance necessitated by the state because the prosecutor was engaged in trial. Except for the last two continuances, the reasons for much of the delay in this case can properly be attributed to Meadows.

{¶ 23} Under the third factor, Meadows argues in his application that no continuances could be properly charged to him after he filed pro se motions attempting to limit his counsel's ability to request continuances and assert his speedy trial rights. However, defense counsel must have the prerogative to control the pace of judicial proceedings in order to mount a proper defense. *State v. McBreen*, 54 Ohio St.2d 315, 319, 376 N.E.2d 593 (1978). Therefore, a defendant is bound by counsel's waiver of speedy trial rights even if the defendant does not assent. *Id.* at 320; *State v. Winn*, 8th Dist. Cuyahoga No. 98172, 2012-Ohio-5888, ¶ 31.

{¶ 24} Meadows could not effectively prohibit his counsel from requesting continuances. Therefore, those delays in prosecution that resulted from defense counsel's actions and motions can properly be charged to Meadows.

{¶ 25} Finally, no prejudice appears in the record and Meadows does not assert any in his application.

{¶ 26} While a presumption of unreasonableness may arise after one year, numerous continuances in this case were properly charged to Meadows. Ineffective assistance of appellate counsel requires a reasonable probability that the appellant is prejudiced by counsel's failure to raise the issue on appeal. Here, because the speedy trial statute found in R.C. 2945.71 does not apply and Meadows has not demonstrated that he was not brought to trial within a reasonable time, Meadows has not demonstrated a colorable claim of ineffective assistance of appellate counsel.

**D. R.C. 2953.08**

{¶ 27} Meadows asserts that "[t]he trial court violated [his] federal and state constitutional rights to due process of law when it violated R.C. 2953.08(A) and (A)(3)." Within this proposed assignment of error, Meadows argues that the trial court violated this statutory provision because he received a life sentence for his rape conviction with a sexually violent predator specification rather than an 11-year term.

{¶ 28} R.C. 2953.08 is not a sentencing statute. This statute governs the right of a defendant or prosecutor to appeal a criminal sentence. It does not place any limits on a trial judge's ability to impose sentence, which is governed by other statutes. Therefore, the trial court could not violate a provision of that statute by sentencing Meadows. Appellate counsel was not ineffective for failing to raise this issue on appeal.

**E. Refiling Charges After Reversal on Appeal**

{¶ 29} Meadows argues that the state was required to "reindict, reinstate, or refile" charges that were dismissed or amended as part of the plea agreement in order to revive those charges. Meadows does not cite any law to support his position. The order that amended and dismissed certain charges was vacated by this court when Meadows successfully argued that his guilty pleas were invalid. As a result, this court remanded the case to the trial court at the stage before the guilty pleas were entered. The state was not required to reindict, reinstate, or refile charges that were included in the original indictment, because that was the charging instrument on which Meadows was tried after remand.

{¶ 30} Appellate counsel was not ineffective for failing to advance such an argument on appeal.

**F. Imposition of a Different Sentence**

{¶ 31} Meadows claims the trial court violated his rights to due process when it imposed a harsher sentence after successful appeal and retrial without the judge specifically stating reasons for the harsher sentence, and "therefore displaying vindictiveness towards [Meadows] for successfully attacking his previous conviction."

{¶ 32} Due process is violated when a defendant is penalized for successfully pursuing an appeal when a harsher penalty is imposed on a defendant. *North Carolina v. Pearce*, 395 U.S. 711, 23 L.Ed.2d 656, 89 S.Ct. 2072 (1969). In such a case, a presumption of vindictiveness arises. However, this presumption of

vindictiveness is quite narrow. *State v. Rahab*, 150 Ohio St.3d 152, 2017-Ohio-1401, 80 N.E.3d 431, ¶ 13. For instance, the presumption does not apply to cases where a defendant's pleas are vacated and a harsher penalty is imposed after trial. *Id.* at ¶ 14. This is because "more information bearing on sentencing will be available to the judge after trial." *Id.*, citing *Alabama v. Smith*, 490 U.S. 794, 801, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). The presumption also does not arise when the sentencing judge is not confined to "roughly the same sentencing considerations" that existed at the time of the original sentencing. *Smith* at 802.

{¶ 33} Meadows relies on this presumption of vindictiveness to assert that the trial judge was required to affirmatively state reasons for the variation in sentence after successful appeal. However, the case Meadows relies on, *Smith*, holds that the presumption does not apply to cases like his. *Smith* at 801-802.

{¶ 34} In this instance, the trial court did not resentence Meadows after remand as in *Pearce*, but sentenced Meadows after additional facts and considerations were adduced at trial, and based on specifications and charges that were dismissed under the former plea agreement — including sexually violent predator specifications that resulted in a life sentence. Meadows was not sentenced based on the same general considerations that existed at the time of his first sentencing. No presumption of vindictiveness arises in such a case.

{¶ 35} Therefore, Meadows must show actual vindictiveness in the record. *Rahab*, 150 Ohio St.3d 152, 2017-Ohio-1401, 80 N.E.3d 431, at ¶ 13. Meadows has

failed to advance any argument to support a claim of actual vindictiveness, and on review, the record does not disclose any indication of vindictiveness.

{¶ 36} Meadows has not shown a colorable claim of ineffective assistance of appellate counsel regarding this issue.

## G. Attendance of the Trial Judge

{¶ 37} Meadows next argues that "the trial court violated [Meadows's] federal and state constitutional rights to due process of law when he left the courtroom during trial and allowed the state to show portions of a video interrogation to the jury that was not agreed upon or stipulated to by both parties before trial and that prejudiced the defendant."

{¶ 38} During trial, the state played a stipulated portion of an interview of Meadows conducted by police. During the interview, Meadows discussed instances of past conduct in Georgia. These instances were redacted from the video that was played for the jury. After the state questioned a police detective, during which portions of the redacted video were played, defense counsel cross-examined the witness regarding the interview. After that, the state argued to the trial judge that during cross-examination, defense counsel intimated that the state only played certain portions of the video and that other portions were not played. As a result, a lengthy discussion was had about whether defense counsel opened the door to have the entire video interview played to the jury. Extensive arguments were made to the trial judge, and the court reviewed the entire video in camera. After a review of the video, the trial court heard additional arguments from each side,

and ruled that the state could recall the detective and play the entire video for the jury. The court ordered that the state could not stop the video and ask questions of the witness. The video was to be played through in its entirety. (Tr. 563-596.)

{¶ 39} Contrary to the state's arguments in its brief in opposition to the application for reopening, the transcript indicates that the trial judge left the courtroom while the video was being played. (Tr. 603.) However, Meadows failed to cite to any portion of the record in support of this proposed assignment of error.

{¶ 40} Meadows argues this was improper because he could not object while the video was played. This argument is contrary to the extensive discussion of the video that was had on the record prior to it being played for the jury, and the numerous objections that were raised at that time. Outside the presence of the jury, the trial court had already overruled Meadows's objections to having the entire video played.

{¶ 41} While it would have been a better practice for the trial judge to oversee the entire proceedings, this court finds no possibility of prejudicial error in this case. If it was error for the trial judge to leave the courtroom while the video was played, Meadows cannot point to any prejudice that resulted. No questioning was allowed during the playback of the video and the court heard and overruled multiple objections to the video being played prior to leaving the courtroom. Meadows does not allege any instance of misconduct occurred while the video played, only that he was unable to lodge objections to the video while it played.

Therefore, Meadows has not demonstrated a colorable claim of ineffective assistance of appellate counsel for failing to raise this issue on appeal.

## H. Motion to Suppress

{¶ 42} Meadows argues that his "trial counsel displayed ineffective assistance of counsel when he failed to file a motion to suppress all evidence for lack of probable cause or evidence to substantiate probable cause for lack of 911 tape."

{¶ 43} This is the extent of Meadows's argument regarding this proposed assignment of error. There are no citations to the record or argument included that would elucidate to what Meadows is referring. A police officer testified about a 911 call placed by the victim, but no 911 call was introduced at trial. The transcript indicates that there was a 911 call that was stipulated to by defense counsel that was discussed prior to Meadows's acceptance of a plea deal, which was later vacated. (Tr. 28-29.) However, at trial no 911 call was played for the jury. The victim did testify that she called police. (Tr. 289, 292-293.) It is unclear what Meadows is attempting to argue in this proposed assignment of error.

{¶ 44} The bald assertion of a proposed assignment of error does not meet the applicant's burden of demonstrating a colorable claim of ineffective assistance of appellate counsel. *State v. Jackson*, 8th Dist. Cuyahoga No. 100125, 2015-Ohio-1946, ¶ 6. Meadows has not demonstrated that appellate counsel was ineffective in relation to this proposed assignment of error.

{¶ 45} For these reasons, the application for reopening is denied.

**{¶ 46}** Application denied.

_____
MARY J. BOYLE, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
EILEEN A. GALLAGHER, J., CONCUR