[Cite as *State v. Meadows*, 2017-Ohio-8407.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105753**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ISAIAH S. MEADOWS

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-607612-A

**BEFORE:** E.A. Gallagher, P.J., Boyle, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** November 2, 2017

**ATTORNEY FOR APPELLANT**

Steve W. Canfil
55 Public Square, Suite 2100
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY: Fallon Radigan
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, P.J.:

**{¶1}** Appellant, Isaiah Meadows, has appealed his convictions from the Cuyahoga County Court of Common Pleas and has presented four assignments of error:

> FIRST ASSIGNMENT OF ERROR
> The trial court violated appellant Meadows's Federal and State constitutional rights to due process of law and Crim.R.11 when it accepted appellants [sic] guilty pleas without informing him of the constitutional rights he was waiving in entering his pleas.
>
> SECOND ASSIGNMENT OF ERROR
> The trial court erred in denying appellant Meadows's presentence motion to withdraw his guilty pleas.
>
> THIRD ASSIGNMENT OF ERROR
> Appellant Meadows was deprived of his Federal and State Constitutional rights to effective assistance of counsel.
>
> FOURTH ASSIGNMENT OF ERROR
> The trial court erred in proceeding with the plea hearing in the absence of either the results of the psychological evaluation of appellant Meadows or a stipulation to his competency and sanity at the time of the offenses.

.

**{¶2}** The state of Ohio has conceded the error set forth in the first assignment.

**{¶3}** After an independent review of the record, we find that the trial court, at the plea hearing, did fail to advise appellant of his constitutional rights and failed to comply with Crim.R. 11.

**{¶4}** We reverse appellant's convictions and remand this matter for further proceedings consistent with this opinion.[1]

---

[1] We also note that on August 3, 2016, the trial court referred appellant to the psychiatric clinic for an evaluation of his competency to stand trial and his sanity at the time of the act. There is

**{¶5}** As we have reversed appellant's convictions based upon the first assignment of error, the remaining claimed errors are rendered moot.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

MARY J. BOYLE, J., and
ANITA LASTER MAYS, J., CONCUR

---

nothing in the record, however, to indicate that the trial court made any findings as to appellant's competency and sanity. Upon remand, the trial court is directed to address this issue in accordance with R.C. 2945.37.